## THOMPSON v STATE

Ohio Appeals, 8th Dist, Cuyahoga Co

Decided October 26, 1931

Milton Firestone and Louis Fernberg, Cleveland, for plaintiff in error.

Stephen Gobozy and Norman A. Ryan, Cleveland, for defendant in error.

VICKERY, J.

The attorney for the plaintiff in error seems to have gained the impression that a conviction could not be sustained upon the uncorroborated testimony of one witness, if the defendant denied the charge. Well, that is not the law. The courts have uniformly held that a person can be convicted of a crime, either of a felony or a misdemeanor, upon the uncorroborated testimony of an **accomplice.** While the duty falls upon the court in such case to caution the jury that evidence of an accomplice should be received with close scrutiny, still if the jury believes the accomplice and not the accused, the court will not reverse the judgment because of the uncorroborated testimony. Much more then would the court refuse to reverse a judgment when the testimony is that of a reputable police officer, although uncorroborated, as against the testimony of the person who was accused of committing the offense.

The judge in a case of this kind acts as a jury and he, acting as a jury, is a judge, of the credibility of the witnesses and may gather from their manner of testifying and all the circumstances, which to believe; and when the judge elects to believe the officer's testimony rather than that of the accused, this court cannot and will not reverse because it is contrary to the weight of the evidence. It is to the interest of the accused to get out of the difficulty and get free if possible. I do not believe that the police officers as a rule are so far demoralized that they would try to fasten a crime

upon a person who is not guilty. Maybe that is too broad a statement, but that has been my experience with respect to officers.

In any event there are no errors in this record that would warrant us in interfering, and we cannot say that the court was not justified in believing the officer rather than the accused.

The judgment of the court below will, therefore, be affirmed.

LEVINE, PJ and WEYGANDT, J, concur.