**In re HENDRICKSON.**

[Cite as *In re Hendrickson* (1996), 114 Ohio App.3d 290.]

Court of Appeals of Ohio,
Second District, Greene County.

No. 95–CA–84.

Decided Sept. 27, 1996.

*William F. Schenck*, Greene County Prosecuting Attorney, and *Robert K. Hendrix*, Assistant Prosecuting Attorney, for appellee.

*J. Allen Wilmes*, for appellant Paul Hendrickson.

BROGAN, Presiding Judge.

On August 23, 1996, this court issued a decision and entry declaring Paul Hendrickson's appeal not timely. Given that Hendrickson was unrepresented by counsel at the time of his sentencing, and that he filed his notice of appeal just one day late, we suggested that he seek our leave to appeal pursuant to App.R. 5(A). Thereafter, on August 30, 1996, Hendrickson did file a motion in this court requesting leave to file a late appeal. On September 24, 1996, we issued a decision and entry granting leave. In that the substantive issues already have been briefed by the parties, we now will address the merits of his appeal.

Hendrickson appeals from a judgment of the Greene County Common Pleas Court, Juvenile Division, committing him to the Ohio Department of Youth Services for a minimum period of one year and a maximum period not to exceed his twenty-first birthday. In his sole assignment of error, Hendrickson contends that the trial court failed to comply with Juv.R. 29(D) when it accepted his admission to aggravated burglary. Specifically, Hendrickson claims that the court neglected to advise him of the consequences of his admission and the waiver of his right to challenge the witnesses and evidence against him.

Hendrickson's appeal stems from his arrest on August 6, 1995, for breaking into a residence and stealing several items of personal property. Following the issuance of a complaint against him, Hendrickson appeared in Clark County Juvenile Court and entered an admission to aggravated burglary. Judge Joseph N. Monnin then adjudicated Hendrickson delinquent and transferred his case to the Greene County Common Pleas Court, Juvenile Division, for final disposition. On August 22, 1995, that court committed then fifteen-year-old Hendrickson to the legal custody of the Ohio Department of Youth Services for a minimum term of one year and a maximum term not exceeding his twenty-first birthday.

In his argument to this court, Hendrickson contends that the trial court failed to comply with Juv.R. 29(D) when it accepted his admission to aggravated burglary. The record reveals that Judge Monnin addressed Hendrickson at the August 7, 1995 hearing as follows:

"Paul Hendrickson. Paul, a complaint has been filed alleging that you committed the offense of aggravated burglary, filed as if it were a felony of the first degree. The officer, excuse me, the arrest record indicates that officers reported finding you hiding on a porch roof after you had broken into a house and stole items at 1561 Woodward Avenue.

"You have the right today to a lawyer. You have the right to remain silent. If you cannot afford a lawyer, one will be appointed to represent you. You have the right also today to admit or deny the offense. If you admit the offense, you're

waiving your right to a trial or hearing and telling the court that you did commit an aggravated burglary on August the 5th in Springfield, Clark County, Ohio.

"If you admit the charge, we won't ever have a trial in the case. You've said to the Court, 'I don't need to do that. I admit I did it.' If you waive your right to a hearing, you'll never have a trial at which you would be innocent unless the State could prove you guilty beyond a reasonable doubt. At that trial, you could testify on your own behalf if you chose to and bring witnesses to testify on your own behalf. Instead of admitting the offense today, you can deny it and say, 'I didn't do that. I didn't break into a house on Woodward. I wasn't caught on a porch roof by police officers on the 5th day of August and I would like to have a trial.' Do you understand those words, 'admit' and 'deny,' Paul?"

In response, Hendrickson indicated that he understood the words. The judge then asked Hendrickson a second time, "Do you understand those words?" Hendrickson again responded affirmatively. Judge Monnin then asked, "And do you want to admit or deny committing the offense that I just described for you?" Hendrickson answered, "I admit it, sir." The judge asked the question a second time, and once again Hendrickson admitted the offense.

Hendrickson now argues that his admission was involuntary, however, because the trial court failed to explain the consequences of his admission and that he had a right to challenge the witnesses and evidence against him. Juv.R. 29(D) governs a court's acceptance of a juvenile's admission. It provides that a court shall not accept an admission without addressing the juvenile personally and determining both of the following: "(1) The party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission"; and "(2) The party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing."

■ This state's courts have construed Juv.R. 29(D) as being "similar to" or "analogous to" Crim.R. 11(C)(2). *In re Christopher R.* (1995), 101 Ohio App.3d 245, 247, 655 N.E.2d 280, 281–282; *In re Flynn* (1995), 101 Ohio App.3d 778, 781–782, 656 N.E.2d 737, 738–740; *In re McKenzie* (1995), 102 Ohio App.3d 275, 277, 656 N.E.2d 1377, 1378–1379; *In re Jenkins* (1995), 101 Ohio App.3d 177, 179, 655 N.E.2d 238, 239. The Ohio Supreme Court has required only "substantial compliance" with Crim.R. 11(C)(2) before a trial court properly accepts a guilty plea. *State v. Billups* (1979), 57 Ohio St.2d 31, 38, 11 O.O.3d 150, 153–154, 385 N.E.2d 1308, 1312–1313. Consequently, Ohio's appellate courts have declared "substantial compliance" with Juv.R. 29(D) equally sufficient when a trial court accepts a juvenile's admission. *In re Christopher R., supra,* 101 Ohio App.3d at 248, 655 N.E.2d at 282; *In re Jenkins, supra,* 101 Ohio App.3d at 180, 655 N.E.2d

at 239–240; *In re Jarrell* (Dec. 29, 1995), Lake App. No. 95–L–049, unreported, 1995 WL 815342. However, "the failure of the juvenile court to substantially comply with Juv.R. 29(D) has the same prejudicial effect as does failure to comply with Crim.R. 11(C)(2), necessitating a reversal of the adjudication so that the juvenile may plead anew." *In re Meyer* (Jan. 15, 1992), Hamilton App. Nos. C–910292 and C–910404, unreported, 1992 WL 5843, citing *In re Kahn* (Oct. 22, 1982), Lucas App. No. L–82–170, unreported.

■ The critical issue, then, is whether Judge Monnin's colloquy demonstrates substantial compliance with the requirements of Juv.R. 29(D). Based upon our review of the hearing transcript, we conclude that it does not. In particular, we find troubling the judge's failure to provide Hendrickson with any information concerning the possible sentence the court could impose. We recognize that, unlike Crim.R. 11(C)(2), Juv.R. 29(D) does not expressly require the court to inform a juvenile of the maximum penalty he faces. Nevertheless, Juv.R. 29(D) does require the court to convey the "consequences" of the juvenile's admission.

Neither party cites, nor can this court locate, any cases construing the term "consequences" as used in Juv.R. 29(D). In our view, however, the potential for commitment to the Ohio Department of Youth Services for a period of one to six years is a significant consequence that the judge should have mentioned to Hendrickson. Indeed, in the eyes of a fifteen-year-old who is unrepresented by counsel, the possibility of a lengthy commitment well may be the most important consequence imaginable. Consequently, we hold that Juv.R. 29(D)(1) and the rudiments of due process required the trial court to apprise Hendrickson, at least briefly, of its dispositional options.

■ Furthermore, the trial court failed to inform Hendrickson as required by Juv.R. 29(D)(2) that by entering an admission, he waived his right to challenge the witnesses and evidence against him. The judge did tell Hendrickson that by entering an admission, he waived his right to testify on his own behalf and his right to present witnesses on his behalf. Additionally, the judge informed Hendrickson that his admission would result in a waiver of his right to a trial. We are unpersuaded, however, that a fifteen-year-old child necessarily would infer that a trial encompasses the right to challenge the witnesses and evidence against him. Therefore, the trial court's general statement that an admission constituted a waiver of Hendrickson's right to a trial did not fulfill the requirements of Juv.R. 29(D)(2).

Having determined that the trial court did not substantially comply with the requirements of Juv.R. 29(D), we sustain Hendrickson's assignment of error, reverse the judgment of the Greene County Common Pleas Court, Juvenile

Division, and remand this cause for further proceedings consistent with this opinion.

*Judgment reversed
and cause remanded.*

FAIN and GRADY, JJ., concur.