## In re DOYLE.

[Cite as *In re Doyle* (1997), 122 Ohio App.3d 767.]

Court of Appeals of Ohio,
Second District, Clark County.

No. 97–CA–0016.

Decided Oct. 3, 1997.

*William D. Hoffman,* Clark County Assistant Prosecuting Attorney, for appellee.

*David H. Bodiker,* Ohio Public Defender, and *Thomas Kenneth Lee,* Assistant Public Defender, for appellant.

FAIN, Judge.

Laurie Doyle appeals from a judgment of the Clark County Common Pleas Court, Juvenile Division, committing her to the Ohio Department of Youth Services for a minimum period of six months and a maximum period not to extend beyond her twenty-first birthday. Doyle contends that the trial court failed to comply with R.C. 2151.352 and Juv.R. 4 by failing (1) to give her adequate advice concerning her right to counsel, (2) to determine whether she wished to waive that right, and (3) to make a determination regarding indigency and the need for appointed counsel. Doyle also contends that the trial court erred by accepting her admission of guilt without determining whether she understood the nature of the allegations against her and the consequences of her admission.

We conclude that the trial court did not comply with R.C. 2151.352 and Juv.R. 4 because it failed to give Doyle adequate notice of her right to counsel and did not make any determination whether she wished to waive that right or whether she was indigent and in need of appointed counsel. We further find that the trial court failed to comply substantially with the requirements of Juv.R. 29(D) when it failed to determine whether Doyle understood either the complaint against her or the possible consequences of admitting its allegations. Accordingly, the judgment of the trial court is reversed, and this cause is remanded for further proceedings consistent with this opinion.

I

A juvenile complaint was filed against Laurie Doyle in the Clark County Juvenile Court in January 1997. The complaint alleged that she was a delinquent child by reason of having committed an act that would constitute complicity to receiving stolen property (a motor vehicle) if she were an adult. Doyle was arraigned before a magistrate, wherein the following transpired:

"THE COURT: Before we can do an arraignment in your case, it is important that you understand the rights you have in our court. First you have a right to a trial. That's a formal proceeding that takes place here in the courtroom. The prosecutor presents witnesses and evidence against you, and then you have an opportunity to present witnesses and evidence; and then a judge or magistrate makes a decision in your case.

"In this process you have the right to be represented by a lawyer. If you cannot afford to hire your own lawyer, the Court will hire a lawyer to represent you in this process.

"Your lawyer will help you in presenting your case. The lawyer will help you question or cross-examine the witnesses and the evidence that the prosecutor presents against you. He will or she will help you present the witnesses and evidence that you want the Court to consider."

The magistrate then explained Doyle's right to remain silent.

The magistrate also read the complaint against Doyle into the record as follows:

"In the case of 97–153 the complaint alleges that on or about January 24 of this year in Clark County, Ohio, you appeared to be a delinquent child who did conspire with another to commit an offense in violation of Section 2923.03. That's complicity to receiving stolen property. It says the property that was stolen was a motor vehicle. That alleges a violation of Sections 2923.03 and 2151.02 of the Ohio Revised Code.

"That basically states a delinquency based on complicity to receiving stolen property of a motor vehicle."

The magistrate informed Doyle that the complaint was a "felony-based delinquency charge," which could subject her to being placed in the custody of the Department of Youth Services. When the magistrate asked Doyle whether she wanted to admit or to deny the complaint, she said that she wanted to admit it.

The magistrate then had Doyle sign a form, "Statement of Rights and Waiver," which reads, in pertinent part, as follows:

"You are entitled to be represented by counsel (an attorney) at any and all critical stages of the proceedings. If you or your parent cannot afford to hire an attorney, the matter will be referred to the Public Defender's Office. The Public Defender will decide whether or not you are qualified to be represented by him. The sole qualification is financial ability to hire your own attorney."

The form also contained an explanation that admitting or denying the complaint was the same as saying that she had or had not committed the crime charged. The last portion of the form reads as follows: "I understand my rights, and waive my right to be represented by an attorney and admit the offense of * * * receiving stolen property/motor vehicle with which I am charged." The form was signed by Doyle, an employee of the Clark County Department of Human Resources as guardian, and Doyle's mother.

Thereafter, a dispositional hearing was held before the juvenile court. At that time, Doyle was committed to the Department of Youth Services for an indeterminate period; however, the termination entry, filed the same day, provided for a commitment to the Department of Youth Services for "an indefinite term consisting of a minimum period of 6 months and maximum period not to exceed

the child's attainment of the age of twenty-one (21) years."  Doyle was also fined $250 and ordered to pay costs.

## II

Doyle's first assignment of error is as follows:

"The trial court violated Laurie Doyle's right to counsel under the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution, Article One, Section Sixteen of the Ohio Constitution, R.C. 2151.352 and Juv.R. 4(A) and 29(B)."

Doyle contends that the magistrate informed her of her right to counsel only in the context of trial and that she was not made aware that she was entitled to counsel at any other stage of the proceeding.  She further contends that the magistrate failed to engage her in a discussion to determine whether she wished to waive her right to counsel.  Finally, she claims that the magistrate failed to make any determination whether she was indigent and required the appointment of counsel.

Juv.R. 4(A) and 29(B), as well as R.C. 2151.352, entitle a juvenile to be represented by counsel at all stages of juvenile court proceedings.  Furthermore, the United States Supreme Court has held that there is no material difference with respect to the constitutional right to counsel between adult and juvenile proceedings.  *In re Gault* (1967), 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527. Like an adult's waiver, a juvenile's waiver of the right to counsel must be voluntary, knowing, and intelligent.  *State v. Gibson* (1976), 45 Ohio St.2d 366, 74 O.O.2d 525, 345 N.E.2d 399.  If a party appears without counsel, R.C. 2151.352 specifically requires the juvenile court to "ascertain whether he knows of his right to counsel."

In this case, the record demonstrates that the magistrate did not adequately inform Doyle of her right to counsel.  The magistrate discussed Doyle's right to counsel only in terms of representation if she were to elect to proceed to trial.  The magistrate's explanation of the right to counsel was confusing, if not misleading, and could have led Doyle to believe that she was not entitled to counsel while deciding whether to admit or to deny the complaint.

Further, from our review of the transcripts in this case, we conclude that neither the magistrate nor the judge made any effort to ascertain that Doyle was aware that she was entitled to counsel to aid her in deciding whether to admit or to deny the complaint.  Therefore, despite the fact that Doyle did sign a waiver of rights form, we conclude that the record does not show that Doyle knowingly and intelligently waived her right to counsel.  We also note that although Doyle's

mother signed the waiver of counsel form, "this does not constitute a waiver of [Doyle's] right to counsel, as no case in Ohio 'has held that a parent can waive the constitutional right of a minor in a Juvenile Court or criminal case.'" *In re East* (1995), 105 Ohio App.3d 221, 224–225, 663 N.E.2d 983, 985, quoting *In re Collins* (1969), 20 Ohio App.2d 319, 322, 49 O.O.2d 448, 450, 253 N.E.2d 824, 827. This is especially true when, as here, the waiver was not even seen by Doyle or her mother until *after* the charge was admitted.

Given the cursory, and misleading, manner in which Doyle was advised of her right to counsel, and the absence of any examination by the court regarding that right, we are not convinced that Doyle's waiver was knowing and intelligent. Further, R.C. 2151.352 requires that a juvenile be made aware of her right to be provided with counsel if she is an indigent person. The record does not provide any indication that the trial court (or the referee) ever inquired about Doyle's financial status. Therefore, Doyle's claim of error is well taken.

Doyle's first assignment of error is sustained.

### III

Doyle's second assignment of error is as follows:

"The trial court erred by accepting Laurie Doyle's admission without determining whether it was made with an understanding of the allegation and the consequence of admission, renders the plea not voluntary, knowing and intelligent, in violation of the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section Sixteen of the Ohio Constitution and Juvenile Rule 29."

Doyle contends that the trial court erred in accepting her admission without first determining whether she understood the charges against her, and whether she understood the possible consequences of admitting the charges.

Juv.R. 29(B)(2) requires that a court inform a juvenile of the "substance" of the complaint against her. Further, Juv.R. 29(D), which governs a court's acceptance of a juvenile's admission, states that a court shall not accept an admission without determining whether "(1) [t]he party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission[.]" We have held that "the failure of the juvenile court to substantially comply with Juv.R. 29(D) has [a] * * * prejudicial effect * * * necessitating a reversal of the adjudication so that the juvenile may plead anew." *In re Hendrickson* (1996), 114 Ohio App.3d 290, 293, 683 N.E.2d 76, 78.

We note that the record is devoid of any indication that the magistrate determined whether Doyle had any "understanding of the nature of the allega-

tions" against her. Instead, the transcript reveals that the magistrate merely read the complaint into the record, and that he did not make any effort to ascertain whether Doyle understood it. Moreover, the magistrate did not ask Doyle whether she had any questions concerning the complaint. The lack of any further explanation of the nature of the charge is exacerbated by its nature; we doubt whether the elements of complicity to receive stolen property would be known and understood by most adults, let alone by a juvenile.

Furthermore, and perhaps most significantly, we find that the magistrate failed to apprise Doyle of the consequences of her admission. We have previously held that since "the possibility of a lengthy commitment well may be the most important consequence imaginable" to a juvenile, the court must " * * * apprise [the juvenile], at least briefly, of its dispositional options." *Hendrickson, supra.* While the record reveals that the magistrate did inform Doyle that the admission of the charges against her could subject her to being placed in the custody of the Department of Youth Services, it also reveals that he made no mention of the possible length of any commitment.

Given that the magistrate failed to ascertain whether Doyle understood the charge against her or the possible consequences of her admitting it, we conclude that the magistrate failed to comply substantially with Juv.R. 29.

Doyle's second assignment of error is sustained.

## IV

Both of Doyle's assignments of error having been sustained, the judgment of the trial court is reversed, and this cause is remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

WOLFF and KERNS, JJ., concur.

JOSEPH D. KERNS, J., retired, of the Second Appellate District, sitting by assignment.