I respectfully dissent. The majority finds that the trial court accepted Hall's admission without determining whether he understood the possible consequences of entering the admission, contrary to the requirement contained in Juv.R. 29(D)(1). However, the record indicates that the trial court substantially complied with Juv.R. 29(D)(1). Therefore, I would affirm the judgment of the trial court.
As stated by the majority, juvenile courts must substantially comply with the provisions of Juv.R. 29(D). In re West (1998),128 Ohio App.3d 356, 359. The issue is not whether the judge strictly complied with rote, but whether the parties adequately understood their rights and the effect of their admissions. Id. There is compliance with Juv.R. 29(D)(1) when a juvenile court, prior to accepting an admission, personally informs a juvenile defendant of the potential penalty associated with the offense giving rise to the allegation of delinquency. See In re Doyle (1997), 122 Ohio App.3d 767, 773; In reHendrickson (1996), 114 Ohio App.3d 290, 293.
A review of the transcript of proceedings in this case reveals that Hall was aware of the consequences of his admission. Significantly, the juvenile court ensured that Hall understood the potential penalty, which he faced in making an admission to the charge of arson, and that he understood exactly what he was admitting to having done. Furthermore, the court gave Hall the opportunity to have any questions answered. Therefore, having observed Hall, who was present in court with his mother, and determining that he understood the consequences of the admission, the juvenile court substantially complied with Juv.R. 29(D)(1). In light of this determination, there was no plain error present in this case. Consequently, I would find that Hall waived his ability to raise this issue on appeal, due to his failure to file objections to the magistrate's decision as required by Juv.R. 40(E)(3)(b).