OPINION
In these consolidated cases, Cheryl Pauley appeals from a trial court decision awarding legal custody of Lauren Carter to Lauren's natural father, Louis Carter. Pauley also appeals a trial court decision overruling a Civ.R. 60(B) motion to vacate the custody award. In support of her appeal, Pauley raises the following assignments of error:
 "I. The trial [court] committed prejudicial error by failing to grant Appellant's motion to vacate.
 "II. The trial court committed prejudicial error by permitting an entry to be filed in the case sub judice without a written decision first being filed by the magistrate and an opportunity to be given to Appellant to object to the decision in accordance with Ohio Civil Rules [sic] 53(E)(1).
 "III. Appellant was denied her due process rights guaranteed by the United States and Ohio Constitutions.
 "IV. The trial court erred by ordering Appellant to pay child support, without a hearing and notice.
 "V. The trial court erred by not advising Appellant and/or her attorney that there was no longer a need to file a paternity action in the case sub judice prior to proceeding forward on Appellee's pro se motion for custody."
After reviewing the record, we find that the second assignment of error has merit. Since this assignment of error is dispositive and requires reversal of the trial court decision, we need not address the remaining assignments of error. A brief explanation of our decision follows.
 I
This action originally began when the Montgomery County Prosecutor filed an application for support in May, 1989. In the application, the prosecutor alleged that Louis Carter was Lauren Carter's natural father, based on a finding to that effect in Montgomery County Probate Court Case No. 275197. Subsequently, on July 26, 1989, the Juvenile Court filed an order requiring Carter to pay $61.20 per week in child support for Lauren. The order also noted that Lauren had been previously legitimized by the probate court, which found Carter to be her natural father.
Between 1992 and 2000, various entries were filed concerning support arrearages, the need for Carter to seek work, and release of lump sum payments to Pauley (the obligee). Ultimately, on December 11, 2000, Carter filed a pro se petition for custody and notice of hearing. In the petition, Carter alleged that Lauren had lived with him for the past three years while Pauley continued to receive support payments. Carter also claimed that Pauley had not spent quality time with Lauren, and that Lauren wished to live with him.
A hearing on the petition was set for January 23, 2001. On that date, Pauley and her attorney appeared in court, and a record was made. At the hearing, Pauley waived service on the custody petition, so that a trial date could be set. Since the parties could not agree on transfer of custody, the magistrate set the matter for trial on April 2, 2001.
On April 2, 2001, the trial was continued, upon the application of both parties, and the parties were ordered to appear on May 9, 2001. The magistrate then filed an entry on May 31, 2001, indicating that the parties had appeared for a review hearing on May 9, 2001, and that the case was again continued, for good cause shown, until August 9, 2001. In this entry, the magistrate remarked that the parties would need to file a paternity complaint and perhaps resolve all issues at that time (presumably August 9). The magistrate also noted that if the parties failed to resolve the issues, the date was available (presumably for trial).
Carter and his attorney again appeared on August 9, 2001. At that time, the magistrate noted that a shared parenting agreement had been discussed at the review hearing in May. However, since the parties needed to correct some details, a further review hearing was set for August 9. Unfortunately, neither Pauley nor her attorney appeared for the August 9 hearing. In view of these facts, the magistrate decided to continue the matter to August 23, 2001. He also said the custody petition would be resolved on August 23, whether or not Pauley appeared. And finally, the magistrate indicated that he had contacted Corbin by voice mail and had asked him to call Carter's attorney to get the matter resolved.
After this hearing, the magistrate filed an entry, formally setting a hearing on August 23, 2001. In the entry, the magistrate specifically noted that Pauley and Corbin had failed to appear for the previous hearing. Copies of the entry were sent to all parties and their attorneys.
On August 23, Carter and his attorney appeared once more, but the other side did not attend the hearing. Consequently, the magistrate heard testimony from Carter and his wife about custody and child support matters. At the conclusion of the hearing, the magistrate indicated that he would award legal custody to Carter, would waive any support arrearage (assuming no opposition from the Ohio Department of Human Services), and would order Pauley to pay child support. An entry was then filed on October 9, 2001, awarding custody to Carter, waiving any arrearage, and ordering Pauley to pay $218 in child support per month. The entry was not designated a magistrate's decision, and was signed by both the magistrate and judge.
On November 6, 2001, Pauley filed a notice of appeal. She also filed a Civ.R. 60(B) motion to vacate, claiming that she had not been given notice of the hearing that prompted the change of custody. As an additional reason to vacate the judgment, Pauley claimed that a paternity complaint needed to be filed before the matter could proceed. Subsequently, the trial court filed an entry labeled "Decision and Judgment Concerning Objections to the Decision of the Magistrate." In the entry, the court overruled the Civ.R. 60(B) motion because Ms. Pauley's attorney had notice of the hearings. The court further remarked that a paternity complaint was not required before the magistrate could proceed. Following this decision, Pauley filed another notice of appeal.
As we mentioned, Ms. Pauley contends in the second assignment of error that the trial court erred by filing an entry without first having a written decision from the magistrate, and without giving Pauley a chance to object to the magistrate's decision.
We agree that the court erred in this regard.
Procedural requirements for magistrate's decisions can be found in Juv. R. 40. According to this rule, magistrates must prepare, sign, and file a magistrate's decision concerning matters that have been referred. See. Juv. R. 40(E)(1). After the magistrate's decision is filed, the clerk must serve copies on all parties and their attorneys. Id. Parties may then file objections within fourteen days after the decision has been filed. See Juv. R. 40(E)(3).
Once a magistrate's decision has been filed, the trial court has three choices: 1) the court may adopt the magistrate's decision and enter judgment without waiting fourteen days for objections to be filed [Juv. R. 40(E)(4)(c)]; 2) the court may wait until the time for objections expires, and then "adopt, reject, or modify the magistrate's decision, hear additional evidence, recommit the matter to the magistrate with instructions, or hear the matter itself [Juv. R. 40(E)(4)(b)]; or 3) the court may enter an interim order for a temporary time, if immediate relief is justified [Juv. R. 40(E)(4)(c)]. If the court enters judgment on the magistrate's decision without waiting for objections, the filing of timely written objections automatically stays execution of the judgment until the court disposes of the objections. Juv. R. 40(E)(4)(c).
Juv. R. 40(E) contains essentially the same provisions as Civ.R. 53(E), which governs magistrates' decisions in civil cases. In Weber v.Weber (May 23, 2001), Lorain App. No. 00CA007722, 2001 WL 542319, the Ninth District Court of Appeals considered the effect of an entry filed under Civ. R 53. Like the entry in the present case, the entry in Weber
was not labeled as a magistrate's decision and was signed by both the magistrate and judge. Also like the present case, the transcript inWeber indicated that the magistrate conducted the hearing, and there was no evidence that the trial judge heard the matter. 2001 WL 542319, *3. Based on these facts, the Ninth District Court of Appeals concluded that while the magistrate heard the matter that was referred, he did not file a magistrate's decision complying with Civ.R. 53. Id.
In the present case, the trial court appears to have attempted to remedy the defect by calling its judgment on the Civ.R. 60(B) motion a decision on "objections." However, Pauley did not file objections; instead, she filed a Civ.R. 60(B) motion, asking that the judgment be set aside. Civ.R. 60(B) motions involve considerations that differ from those pertinent to review of objections, and the standards are not interchangeable. Compare GTE Automatic Elec., Inc. v. ARC Industries,Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus [outlining requirements for prevailing under Civ.R. 60(B)], with Knauer v. Keener
(2001), 143 Ohio App.3d 789 (noting that when objections are filed, trial courts conduct de novo review of issues of law or fact that magistrates have decided).
The result in the present case may not necessarily change if a proper decision is issued and Pauley files objections. Nonetheless, the magistrate and trial court should follow proper procedures when issuing decisions. We have previously expressed concern over the failure of magistrates and trial courts to follow requirements. See State v.Weierman, Montgomery App. No. 18853, 2001-Ohio-7707; In re Doyle (1997),122 Ohio App.3d 767, 772-73, and Leis v. Leis (Sept. 20, 1995), Miami App. No. 94 CA 54, 1995 WL 559974, *5. We again repeat that concern. We should also add that our decision to reverse and remand this case is not intended to suggest how we might rule on the merits.
Based on the preceding discussion, the second assignment of error has merit and is sustained. Due to the dispositive effect of our decision on this assignment of error, the remaining assignments of error (one, three, four, and five) are overruled as moot and will not be addressed.
Accordingly, the judgment of the trial court is reversed and this matter is remanded for further proceedings.
WOLFF, P.J., and GRADY, J., concur.