[Cite as *In re T.O.B.*, 2013-Ohio-2908.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99061**

## IN RE: T.O.B.
## A Minor Child

## JUDGMENT:
REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. DL 12105209

**BEFORE:** S. Gallagher, J., Stewart, A.J., and Keough, J.

**RELEASED AND JOURNALIZED:** July 3, 2013

**ATTORNEYS FOR APPELLANT**

Timothy Young
Ohio Public Defender

BY:   Brooke M. Burns
Assistant Ohio Public Defender
Ohio Public Defenders Commission
250 East Broad Street
Suite 1400
Columbus, OH   43215


**ATTORNEYS FOR APPELLEE, STATE OF OHIO**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:   Michael Hustick
Assistant Prosecuting Attorney
9300 Quincy Avenue, 4th Floor
Cleveland, OH   44106

SEAN C. GALLAGHER, J.:

{¶1} Appellant T.O.B. appeals the adjudication and disposition by the Cuyahoga County Court of Common Pleas, Juvenile Division. For the reasons that follow, we reverse the decision of the court and remand this cause for further proceedings.

{¶2} As a result of a March 23, 2012 incident, a complaint was filed on March 30, 2012 ("March 2012 Complaint"), alleging that then 14-year-old T.O.B. was delinquent of two counts of aggravated robbery, in violation of R.C. 2911.01(A)(1), felonies of the first degree if committed by an adult. Each charge was enhanced with two firearm specifications pursuant to R.C. 2941.141(A) and R.C. 2941.145(A).

{¶3} Trial commenced on August 23, 2012, in order for a juvenile witness to testify for the state before leaving for college. After his testimony, the court continued the trial to September 4, 2012.

{¶4} On September 4, 2012, the state announced that the parties reached an agreement as to the March 2012 Complaint. T.O.B. agreed to admit to one count of aggravated robbery, as amended, in exchange for the nullification of one firearm specification enhancing Count 1 and all other charges alleged in the complaint.[1]

{¶5} After a preliminary discussion among the state, the court, and T.O.B.'s

---

[1] T.O.B. also agreed to admit to other charges from subsequent and separate complaints then pending with the court for incidents occurring while in detention on the March 2012 Complaint. These admissions are not before this court.

counsel, the juvenile court addressed T.O.B. as follows:

> THE COURT: [T.O.B.], stand up. It is my understanding that you are admitting to the charges either as amended or as presented originally as specifically stated by the State's attorney through the Prosecutor's Office and through your attorney indicating the same.
>
> Is this true and accurate that you are admitting to the charges as they have been amended?
>
> T.O.B.: Yes.

{¶6} T.O.B. responded "yes," after the court inquired whether he was making the admission of his own free will, voluntarily, and with the guidance of legal counsel. T.O.B. responded "no" after the juvenile court inquired whether anyone promised him, threatened him, or coerced him into making the decision to enter the admission. He also responded "no" when asked if he was under the influence of any drugs, alcohol, or any medication that would cause him to make a poor decision.

{¶7} The court accepted the admission to the amended March 2012 Complaint, and found T.O.B. to be a delinquent child. After acceptance of T.O.B.'s admission, the court cited the constitutional and other rights given up by T.O.B. through the court's acceptance of his admission. The court also identified the consequences T.O.B. faced, including continued housing in a detention center, placement in the Ohio Department of Youth Services, a restitution order, probation, and/or court costs.

{¶8} The juvenile court, at the September 25, 2012 disposition hearing, committed T.O.B. to the Ohio Department of Youth Services for one year for the charge of aggravated robbery. The court imposed an additional and consecutive three-year term

for the firearm specification.   This appeal followed.

{¶9} T.O.B. asserts two assignments of error for this court's review.   He argues that the juvenile court committed plain error and violated his rights to due process for failing to substantially comply with Juv.R. 29.   T.O.B. also asserts that he was denied the effective assistance of counsel as a result of counsel's failure to object to the court's violation of Juv.R. 29.   For the following reasons, we sustain T.O.B.'s first assignment of error.

{¶10} Initially, T.O.B. never objected to the plea colloquy with the juvenile court. He, therefore, waived this argument on appeal absent plain error.   "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."   Crim.R. 52(B).

{¶11} "Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice."   *State v. Long*, 53 Ohio St.2d 91, 97, 372 N.E.2d 804 (1978).   "The plain error test requires that, but for the existence of the error, the result of the trial would have been otherwise."   *State v. Wiles*, 59 Ohio St.3d 71, 86, 571 N.E.2d 97 (1991).

{¶12} Juv.R. 29(B)(2) requires the juvenile court to inform the parties of the substance of the complaint, the purpose of the hearing, and possible consequences of the hearing, including the possibility that the cause may be transferred to the appropriate adult court under Juv.R. 30 where the complaint alleges that a child 14 years of age or over is delinquent by conduct that would constitute a felony if committed by an adult.   Pursuant

to Juv.R. 29(D)(1), the court may refuse to accept an admission and shall not accept an admission without addressing the party personally and determining that the party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission.

{¶13} Juv.R. 29 is analogous to Crim.R. 11 because both rules require a court to personally address the offender on the record to ensure that the admission or guilty plea is entered voluntarily, intelligently, and knowingly. *In re McKenzie*, 102 Ohio App.3d 275, 277, 656 N.E.2d 1377 (8th Dist.1995). The juvenile court has an affirmative duty under Juv.R. 29(D) to "determine that the [juvenile], and not merely the attorney, understands the nature of the allegations and the consequences of entering the admission." *In re Beechler*, 115 Ohio App.3d 567, 571, 685 N.E.2d 1257 (4th Dist.1996).

{¶14} Although strict compliance with Juv.R. 29(D) is preferred, only "substantial compliance" is required. *In re C.S.*, 115 Ohio St.3d 267, 2007-Ohio-4919, 874 N.E.2d 1177, ¶ 113. In the context of juvenile delinquency proceedings, "[s]ubstantial compliance means that in the totality of the circumstances, the juvenile subjectively understood the implications of his plea." *Id.* Failure of a juvenile court to substantially comply with Juv.R. 29(D) has a prejudicial effect necessitating a reversal of the adjudication so that the juvenile may plead anew. *In re Smith*, 3d Dist. No. 14-05-33, 2006-Ohio-2788, ¶ 14, citing *In re Doyle*, 122 Ohio App.3d 767, 772, 702 N.E.2d 970 (2d Dist.1997).

**{¶15}** "A defendant need not be informed of every element of the charge brought against him, but he must be made aware of the 'circumstances of the crime.'" *In re Wood*, 9th Dist. No. 04CA0005-M, 2004-Ohio-6539, ¶ 18, quoting *State v. Lane*, 11th Dist. Nos. 97-A-056, 97-A-0057, and 97-A-0058, 1999 Ohio App. LEXIS 5490 (Nov. 19, 1999). When a juvenile is represented by counsel or when the juvenile is served with a copy of the complaint, there is a presumption that the juvenile has been apprised of the nature of the charge. *Id.* at ¶ 18, citing *In re Argo*, 5th Dist. No. CT2003-055, 2004-Ohio-4938, and *Bousley v. U.S.*, 523 U.S. 614, 618, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998).

**{¶16}** Whether the juvenile court substantially complied with Juv.R. 29(D) presents an issue of law reviewed on appeal de novo. *In re C.K.*, 4th Dist. No. 07CA4, 2007-Ohio-3234, ¶ 15; *In Matter of Beckert*, 8th Dist. No. 68893, 1996 Ohio App. LEXIS 3319, *4 (Aug. 8, 1996). A juvenile court does not substantially comply with Juv.R. 29(D)(1) when it fails to review the elements of an offense or inquire whether the juvenile understands "the nature of the offense prior to accepting his admission, even though the prosecutor recited the evidence constituting the offense at the court's direction, in the juvenile's presence, and prior to the acceptance of the juvenile's admission." *In re T.N.*, 3d Dist. No. 14-12-13, 2013-Ohio-135, ¶ 14, citing *In re S.M.*, 8th Dist. No. 91408, 2008-Ohio-6852. A court also fails to substantially comply with Juv.R. 29(D)(1) when it does not inform the juvenile of his possible term of commitment *prior to* accepting the admission. *In re Holcomb*, 147 Ohio App.3d 31, 2002-Ohio-2042, 768 N.E.2d 722,

*36-37 (8th Dist.).

{¶17} Here, the juvenile court's Juv.R. 29(D) colloquy was totally deficient to ensure that T.O.B. entered his admission voluntarily, intelligently, and knowingly. Rather than specifying a criminal charge, the court referred to "the charges either as amended or as presented originally as specifically stated by the State's Attorney through the Prosecutor's Office and through your attorney indicating the same." The court, therefore, neither explained the factual basis for the charge nor its elements as required under Juv.R. 29(D)(1). The presumption that T.O.B.'s counsel informed him of the nature of the charges does not trump a court's failure to affirmatively determine T.O.B., and not merely his attorney or those of the state, understood the nature of the allegations and the consequences of entering his admission. *Wood* at ¶ 18. *See Beechler* at 571. Because the court failed to explain the criminal charges, we are not persuaded that T.O.B. understood the nature of the allegations against him. Additionally, the court completely failed to mention any of the possible consequences facing T.O.B. or the rights being waived by him, until after his admission to a first-degree felony. This weighs heavily toward finding a lack of substantial compliance in this case. *See In re Keeling*, 3d Dist. No. 1-09-51, 2010-Ohio-1713.

{¶18} Given the deficient nature of the colloquy, the juvenile court did not substantially comply with Juv.R. 29(D), depriving T.O.B. of his procedural due process rights, which constitutes plain error. The court's failure to substantially comply with Juv.R. 29(D) had a prejudicial effect upon T.O.B., necessitating a reversal of the

adjudication so that he may plead anew. *C.S.*, 115 Ohio St.3d 267, 2007-Ohio-4919, 874 N.E.2d 1177, ¶ 112; *In re Smith*, 3d Dist. No. 14-05-33, 2006-Ohio-2788, ¶ 14, citing *Doyle*, 122 Ohio App.3d at 772, 702 N.E.2d 970.

{¶19} While it is true that the state apprised T.O.B. of the details of the charges at the commencement of trial on August 23, 2012, this does not correct the juvenile court's failure to substantially comply with Juv.R. 29 on September 4, 2012, when T.O.B. actually entered an admission. The court's recitation of rights at an earlier hearing does not correct the court's subsequent failure to address the charges as more than "charges," or its subsequent failure to address the consequences, both the waiver of rights and potential penalties, until after the admission. *See In re E.L.*, 8th Dist. No. 90848, 2010-Ohio-1413. "The provisions of Juv.R. 29(D) specify that the juvenile must be made aware of the consequences of his admission before that admission is accepted. A trial court cannot retroactively cure its omission under this rule by informing the juvenile after the fact." *In re Jones*, 4th Dist. No. 99 CA 4, 2000 Ohio App. LEXIS 1753, *15-16 (Apr. 13, 2000); *see also Keeling*.

{¶20} T.O.B.'s first assignment of error is sustained. This ruling renders moot his second assignment of error.

{¶21} Judgment reversed. All other cases nolled or dismissed as a result of this admission are hereby reinstated. This cause is remanded and returned to the trial court for further proceedings from the point where the trial was interrupted, that is, prior to T.O.B.'s admission. *State ex rel. Stevenson v. Murray*, 69 Ohio St.2d 112, 113, 431

N.E.2d 324 (1982).

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

MELODY J. STEWART, A.J., and
KATHLEEN ANN KEOUGH, J., CONCUR