**[Cite as *In re E.C.*, 2025-Ohio-3024.]**

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HANCOCK COUNTY

IN RE:

    E.C.,

**ADJUDICATED DELINQUENT CHILD.**

**CASE NO. 5-24-36**

**OPINION AND JUDGMENT ENTRY**

Appeal from Hancock County Common Pleas Court
Juvenile Division
Trial Court No. 2024 JD 0083

**Judgment Affirmed**

**Date of Decision: August 25, 2025**

APPEARANCES:

    *Howard A. Elliott* **for Appellant**

    *Justin Kahle* **for Appellee**

**MILLER, J.**

{¶1} Adjudicated delinquent child-appellant, E.C., appeals the August 28, 2024 judgment entry of disposition of the Hancock County Court of Common Pleas, Juvenile Division. For the reasons that follow, we affirm.

{¶2} This cases arises from a May 11, 2023 incident in which E.C., then 13-years-old, was walking near a railroad track in Allen County, Ohio, with a concealed weapon. E.C. entered into an argument with some other individuals which resulted in E.C. producing the gun and shooting more than 12 shots toward the other individuals. One of the shots struck K.P., an uninvolved bystander, in her lower back, causing her serious injury.

{¶3} On August 21, 2023, a complaint was filed in the Allen County Common Pleas Court, Juvenile Division, charging E.C. with four counts: Count One of discharge of a firearm on or near prohibited premises in violation of R.C. 2923.162(A)(3), (C)(4), a first-degree felony if committed by an adult; Count Two of felonious assault in violation of R.C. 2903.11(A)(2), (D)(1)(a), a second-degree felony if committed by an adult; Count Three of tampering with evidence in violation of R.C. 2921.12(A)(1), (B), a third-degree felony if committed by an adult; and Count Four of carrying a concealed weapon in violation of R.C. 2923.12(A)(2), (F)(1), a fourth-degree if committed by an adult. Counts One and Two included

firearm specifications pursuant to R.C. 2941.145(A). On August 23, 2023, E.C. entered a denial to the allegations in the complaint.

{¶4} The parties appeared for a change-of-plea hearing on March 13, 2024, and pursuant to a negotiated-plea agreement, E.C. withdrew his denial of Counts Two, Four, and the firearm specification associated with Count Two, and entered an admission to those counts and the specification. The trial court accepted E.C.'s admission and found him to be a delinquent child. At the motion of the State, the trial court dismissed Counts One, Three, and the firearm specification associated with Count One.

{¶5} The matter was transferred to the Hancock County Court of Common Pleas, Juvenile Division, for disposition. On August 28, 2024, the parties appeared for disposition. With respect to Count Two, the trial court committed E.C. to the Ohio Department of Youth Services for institutionalization for a minimum period of 12 months and a maximum period not to exceed E.C.'s attainment of the age of 21. The trial court also committed E.C. to a mandatory term of 3 years in the Ohio Department of Youth Services for the firearm specification associated with Count Two to be served consecutively to the sentence on Count Two. With respect to Count Four, the trial court committed E.C. to the Ohio Department of Youth Service for institutionalization for a minimum period of 6 months and a maximum period not to exceed E.C.'s attainment of the age of 21. The trial court ordered the term of commitment with respect to Count Four to be served consecutively to that of all

other counts for a minimum term of 4 years and 6 months to a maximum term not to exceed E.C.'s attainment of the age of 21.

{¶6} On August 30, 2024, E.C. filed his notice of appeal. He raises one assignment of error for our review.

## Assignment of Error

**The trial court erred in accepting the admission of the delinquent child to the sentence herein [sic] when it failed to substantially comply with the dictator [sic] of Juvenile Rule 29(D) requiring the adjudication for the delinquent child to be set aside and remanded to Trial Court for further proceedings.**

{¶7} In his assignment of error, E.C. contends that the trial court erred by accepting his admission to the charges because the trial court did not substantially comply with Juv.R. 29(D). Specifically, E.C. argues that the trial court failed to properly advise him of his right to remain silent and the right against self-incrimination. For the reasons that follow, we disagree.

*Standard of Review and Relevant Law*

{¶8} Juv.R. 29(D) provides, in relevant part:

The court may refuse to accept an admission and shall not accept an admission without addressing the party personally and determining both of the following:

(1) The party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission;

(2) The party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing.

"As many Ohio courts of appeals recognize, 'An admission in a juvenile proceeding, pursuant to Juv.R. 29, is analogous to a guilty plea made by an adult pursuant to Crim.R. 11 in that both require that a trial court personally address the defendant on the record with respect to the issues set forth in the rules.'" *In re C.S.*, 2007-Ohio-4919, ¶ 112, quoting *In re Smith*, 2006-Ohio-2788, ¶ 13 (3d Dist.). "Both Crim.R. 11 and Juv.R. 29 require the respective courts to make careful inquiries in order to insure that the admission or guilty plea is entered voluntarily, intelligently, and knowingly." *In re Smith* at ¶ 13, citing *In re Flynn*, 101 Ohio App.3d 778, 781 (8th Dist. 1995). "The juvenile court has an affirmative duty under Juv.R. 29(D) to 'determine that the [juvenile], and not merely the attorney, understands the nature of the allegations and the consequences of entering the admission.'" *In re T.N.*, 2013-Ohio-135, ¶ 11 (3d Dist.), quoting *In re Beechler*, 115 Ohio App.3d 567, 571 (4th Dist. 1996).

{¶9} Although the "preferred practice" in a juvenile delinquency case "is strict compliance with Juv.R. 29(D)," "if the trial court substantially complies with Juv.R. 29(D) in accepting an admission by a juvenile, the plea will be deemed voluntary absent a showing of prejudice by the juvenile or a showing that the totality of the circumstances does not support a finding of a valid waiver." *In re C.S.* at ¶ 113. "For purposes of juvenile delinquency proceedings, substantial compliance means that in the totality of the circumstances, the juvenile subjectively understood

the implications of his plea." *Id.* "Therefore, the best method for complying with Juv.R. 29(D) is for a juvenile court to tailor the language of the rule to 'the child's level of understanding, stopping after each right and asking whether the child understands the right and knows he is waiving it by entering an admission.'" *In re D.P.*, 2017-Ohio-606, ¶ 15 (3d Dist.), quoting *In re Smith* at ¶ 14, quoting *In re Miller*, 119 Ohio App.3d 52, 58 (2d Dist. 1997). A trial court's failure to substantially comply with Juv.R. 29(D) when accepting a juvenile admission "has a prejudicial effect necessitating a reversal of the adjudication so that the juvenile may plead anew." *In re T.N.* at ¶ 12, citing *In re Smith* at ¶ 14, citing *In re Doyle*, 122 Ohio App.3d 767, 772 (2d Dist. 1997) and citing *In re Hendrickson*, 114 Ohio App.3d 290 (2d Dist. 1996) and *In re Christopher R.*, 101 Ohio App.3d 245, 248 (6th Dist. 1995).

{¶10} We review de novo whether a trial court substantially complied with Juv.R. 29(D) in accepting a juvenile's admission. *In re T.N.* at ¶ 15. *See In re E.S.*, 2011-Ohio-586, ¶ 12 (1st Dist.).

*Analysis*

{¶11} E.C. alleges that the trial court did not properly explain the charges. He further contends that the court did not adequately inform him of the consequences of the admission, specifically his waiver of his right to a trial, the right to remain silent, and the right against self-incrimination. After reviewing the record, we disagree.

{¶12} With respect to the nature of the charges, the trial court engaged in the following conversation with E.C.:

| | |
|---|---|
| [Trial court]: | What is your understanding, [E.C.], of the charge of Felonious Assault? What does that mean, or what did you do? You have to explain to me what you did or what happened. |
| [E.C.]: | I mean, that, like, a Felonious Assault's [sic] when you shoot somebody-, . . . |
| [Trial court]: | Say it again, I'm sorry. |
| [E.C.]: | I said a Felonious Assault mean, like, when you shoot somebody, break somethin', or somebody, you can get a Felonious Assault from that. |
| [Trial court]: | Okay. And, what did you do? |
| [E.C.]: | I really ain't play no part in it, but I just wanna get my time over. |
| [Trial court]: | Okay. What we're going to do now is we're going to take a short recess. I'm going to give you the opportunity to talk with [your attorney]. 'Cause what I don't want you to do is plead to something if you didn't do anything. But, . . . if you did do something, and you want to admit to what you did, that's fine. But, we'll take a short recess so that you can talk with [your attorney]. Okay? |
| [E.C.]: | Yes, sir. |
| [Trial court]: | All right. |
| [Recessed.] | |
| [Reconvened.] | |

[Trial counsel]:     We're ready, Your Honor.

[Trial court]:       Okay.  Court's now back in session, on the record, in regards to Case Number 2023 JG 38832.  [E.C.], I gave you the opportunity to speak with [your counsel] in regards to . . . my question of what Felonious Assault meant, and what you did in regards to the charge of Felonious Assault.  You've had that opportunity to speak with [your counsel].  Is that correct?

[E.C.]:              Yes, sir.

[Trial court]:       Uh, I'm going to ask the question again, then, what is it that you did in regards to the charge of Felonious Assault?

[E.C.]:              They shot-, they shot a firearm due to altercation that-, that was going on, and I really didn't have nothin' to do with it, the day before, you feel me, then, like, the day after that, we was walkin' to my granny's house, then-, . . .

[Trial court]:       To your what? I'm sorry.

[E.C.]:              My granny's house.

[Trial court]:       Your granny's house.  Okay.

[E.C.]:              Yeah.  Then, we seen them and they said they was gonna go apologize.  I'm, like, all right, you feel me.  Then they got to arguing with it, then one (1) of 'em, . . . I don't remember [his name]. . .

[Trial court]:       Okay.

[E.C.]:              …but, they got to shootin'-, they got to shootin', then other people . . . on my end got to shootin', too, then I got to shootin', then after that, we fled the scene.

-8-

[Trial court]: Okay. You admit that you did fire a shot or shots during that incident or that altercation. Is that correct?

[E.C.]: Yes, sir.

[Trial court]: Okay. And, that, during the course of the altercation or that incident . . . as a result of you firing a shot or shots, you did . . . knowingly cause or attempt to cause harm to [K.P.] as a result of firing those shots with the use of a firearm. Is that correct?

[E.C.]: Yes, sir.

[Trial court]: Okay. And, that, um, you had on your person, and either used or displayed or brandished or indicated that you possessed a firearm during that incident or that altercation. Is that correct?

[E.C.]: No, sir, I didn't have one (1) on me, like-, . . .

[Trial counsel]: [H]ow did you shoot if you didn't have-, . . .

[E.C.]: It was handed.

[Trial counsel]: Okay, but, still you were-, . . .

[Trial court]: You had it in your hand, then, at that point?

[E.C.]: Yes, sir.

[Trial court]: Okay. That's what I mean when you had it on your person.

[E.C.]: All right.

[Trial court]: You had it in your control. Is that fair to say?

[E.C.]: Yes, sir.

[Trial court]: Okay. And, when we're talking about what-, what was it that you had in your-, in your control?

[E.C.]: A gun.

[Trial court]: Okay. It was a-, it was a handgun?

[E.C.]: Yes, sir.

[Trial court]: A firearm. Correct?

[E.C.]: Yes, sir.

[Trial court]: Okay. And, you had that during the incident. Correct?

[E.C.]: Yes, sir.

[Trial court]: And, you used that firearm and, as a result of you using that firearm, you caused harm, uh, to [K.P.]. Is that correct?

[E.C.]: Yes, sir. Yes, sir.

[Trial court]: Okay. I'm not making that up, th-, that's what happened. Is that fair to say?

[E.C.]: Yes, sir.

[Trial court]: Okay. Very good.

[E.C.]: I understand.

[Trial court]: Okay. And, in regards to Carrying a Concealed Weapon, then, what-, what does that mean, or what did you do, or what did you have?

| [E.C.]: | Like, what-, like, carrying a concealed weapon, that's, like, when you got a gun on your body and you get caught with it. |
| --- | --- |
| [Trial court]: | Okay. |
| [E.C.]: | They're gonna hit you with carrying a concealed weapon or CCW. I mean, that is what it is. |
| [Trial court]: | Okay. And, you admit to that charge, as well? |
| [E.C.]: | Yes, sir. |
| [Trial court]: | You had that on your person at some point, or it was concealed, ready at hand, with-, with ammunition. Is that correct? |
| [E.C.]: | Yes, sir. |

(Mar. 13, 2024 Tr. at 34-39).

{¶13} The record thus reveals that E.C. engaged in a lengthy analysis with the trial court regarding the nature of the offenses and E.C. was able to articulate his understanding of how his own actions related to the elements of the offenses. Furthermore, E.C. was given an opportunity to discuss the elements of the offenses with his trial counsel, and the record indicates that he did so. Accordingly, we find E.C.'s argument that he was not sufficiently informed of the nature of the charges to be unsupported by the record.

{¶14} Next, E.C. alleges that he was not informed that if he admitted to the charges, he would waive the rights associated with trial, specifically, the right to remain silent and the right against self-incrimination. The record indicates that the

-11-

trial court engaged in the following dialogue with E.C. with respect to the trial rights

he would waive with an admission:

| | |
|---|---|
| [Trial court]: | [Y]ou have the right to remain silent. What that means is that no one can force you or compel you to testify, or say anything against yourself, and your silence cannot be used against you. Further, any statement that you do make can be used against you in Court. Do you understand that right? |
| [E.C.]: | Yes, sir. |
| [Trial court]: | And, third, you have the right to have a Trial in this matter. At the trial, the State of Ohio would have to prove by proof beyond a reasonable doubt all of the elements contained within the Complaint that would constitute those charges now of Felonious Assault with an attached Firearm Specification, as well as to the charge of Carrying a Concealed Weapon. You would be given the opportunity to cross-examine or ask questions of any witnesses against you, as well as be able to contest or review or deny any evidence that may be presented. Further, you'd be allowed to present your own defense, call your own witnesses, present your own evidence. You could take the stand and testify if you wanted to, you would not be forced to do so. And, further, you could use the Court's power of subpoena to bring forward any witnesses that would not come forward voluntarily. Do you have a question? |
| [E.C.]: | Yes, sir. |
| [Trial court]: | Yeah? |
| [E.C.]: | What do you mean by testifying, like? |

| | |
|---|---|
| [Trial court]: | Like, you have the ability, yourself, if you want to, to take the witness stand and talk or testify. Testify-, . . . |
| [E.C.]: | And, say that I-, . . . |
| [Trial court]: | . . . testify, it means you're just, like, talking in Court under oath. |
| [E.C.]: | And, say what I seen and what I witnessed? |
| [Trial court]: | You have that ability, yes. |
| [E.C.]: | Yes, sir. |
| [Trial court]: | Okay? You don't have to, I mean-, . . . |
| [E.C.]: | I know. |
| [Trial court]: | . . . I can't force you to, [your attorney] can't force you to, [The State] can't force you to testify. You . . . have that ability, or you have that . . . option. Does that make sense? |
| [E.C.]: | Yes, sir. |
| [Trial court]: | Okay. Um, do you understand, first, what a Trial is? |
| [E.C.]: | Yes, sir. |
| [Trial court]: | And, do you understand you have the right to have a Trial? |
| [E.C.]: | Yes, sir. |
| [Trial court]: | By entering a plea of admission, then, you are, in fact, waiving or giving up your right to have any Trial in this matter. Is that correct? |

[E.C.]:            Yes, sir.

[Trial court]:    And, you are also waiving or giving up your right
                  to remain silent.  Is that correct?

[E.C.]:            Yes, sir.

(Mar. 13, 2024 Tr. at 29-31).

{¶15} Accordingly, we find that the record belies E.C.'s claims.  The trial court both explained the concept of a trial to E.C. and confirmed that he had an understanding of a trial and the specific rights that he would waive by entering an admission, including both the right to remain silent and the right against self-incrimination.

{¶16} Based on the totality of the circumstances, we conclude that the juvenile court substantially complied with the requirements of Juv.R. 29(D). Consequently, E.C.'s admissions were knowing, intelligent, and voluntary.

{¶17} E.C.'s assignment of error is overruled.

{¶18} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the Hancock County Common Pleas Court, Juvenile Division.

***Judgment Affirmed***

**ZIMMERMAN and WILLAMOWSKI, J.J., concur.**

# **JUDGMENT ENTRY**

For the reasons stated in the opinion of this Court, the assignment of error is overruled and it is the judgment and order of this Court that the judgment of the trial court is affirmed with costs assessed to Appellant for which judgment is hereby rendered. The cause is hereby remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket. See App.R. 30.

<br>

Mark C. Miller, Judge

<br>

William R. Zimmerman, Judge

<br>

John R. Willamowski, Judge

DATED:
/jlm