OPINION
{¶ 1} Defendant-appellant, S.L., appeals a decision of the Butler County Court of Common Pleas, Juvenile Division, finding that he is a delinquent child. We affirm the juvenile court's decision.
 {¶ 2} In December 2004, appellant was charged by complaint with one count of cocaine possession in violation of R.C.2925.11. The cocaine was found in a cigarette pack during a pat-down search of appellant on the streets of St. Clair Township during the early hours of November 21, 2004. Appellant moved to suppress the cocaine evidence. Following a hearing on the motion, the juvenile court overruled the motion. On April 4, 2005, appellant entered a plea of "true" to the cocaine possession charge, and was found to be a delinquent child. The juvenile court ordered that appellant be committed to the custody of the Department of Youth Services for a minimum of six months, up to his 21st birthday, but suspended the sentence "conditioned upon [appellant's] compliance with court orders and Probation Rules." This appeal follows.
 {¶ 3} In his sole assignment of error, appellant argues that it was error for the juvenile court to overrule his motion to suppress because the evidence was obtained as a result of an illegal search of his person.
 {¶ 4} We find that we need not consider the merits of appellant's argument. When appellant entered his plea of true, he admitted that he committed the acts constituting the crime, and thus, entered an admission to the offense under Juv.R. 29. SeeIn re Morgan, Butler App. No. CA2002-08-213, 2003-Ohio-2543. Because a juvenile admission under Juv.R. 29 is analogous to a guilty plea made by an adult pursuant to Crim.R. 11, a juvenile offender who enters an admission to an offense waives the right to challenge any evidentiary issues on appeal, including a motion to suppress. In re Panko, Brown App. No. CA2001-05-008, 2002-Ohio-2306, ¶ 17. See, also, In re Jenkins (1995),101 Ohio App.3d 177; Juv.R. 29(D)(2). Thus, appellant waived his right to contest the adverse ruling on his motion to suppress when he entered his plea of true to the cocaine possession charge.[1] Appellant's assignment of error is accordingly overruled.
 {¶ 5} Judgment affirmed.
Powell, P.J., and Bressler, J., concur.
[1] Appellant does not argue that his plea was not knowingly or voluntarily entered. A review of the hearing during which appellant entered his plea of true shows that appellant entered his admission voluntarily and knowingly under Juv.R. 29(D).