[Cite as *In re E.B.*, 2017-Ohio-1232.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## PUTNAM COUNTY

IN RE:

    E.B.,

A DELINQUENT CHILD.

CASE NO.  12-16-03

O P I N I O N

IN RE:

    E.B.,

A DELINQUENT CHILD.

CASE NO.  12-16-07

O P I N I O N

IN RE:

    E.B.,

A DELINQUENT CHILD.

CASE NO.  12-16-08

O P I N I O N

**Appeals from Putnam County Common Pleas Court
Juvenile Division
Trial Court No. 20152131**

**Appeal Dismissed in Case No. 12-16-03**

**Judgments Affirmed in Case Nos. 12-16-07 and 12-16-08**

**Date of Decision:   April 3, 2017**

APPEARANCES:

    *Laura E. Austen* for Appellant

    *Lillian R. Shun* for Appellee

**SHAW, J.**

{¶1} This appeal arises out of three consolidated cases for the purposes of briefing and oral argument on appeal: appellate numbers 12-16-03, 12-16-07 and 12-16-08. Appellant, E.B., a minor child, appeals the May 9, 2016 judgment of the Putnam County Court of Common Pleas, Juvenile Division, "lifting" its suspended commitment of E.B. to the Ohio Department of Youth Services ("DYS") and placing him there pending adjudication of a motion to revoke his probation filed by the State of Ohio. E.B. also appeals the July 28, 2016 judgment journalizing the disposition of his admission to the probation revocation, which resulted in him being placed in the Northwest Ohio Juvenile Residential Center ("NOJRC"). E.B.'s third appeal relates to the September 14, 2016 judgment journalizing the disposition of his admission to allegations contained in a second motion to revoke his probation, which resulted in him being placed in the West Central Juvenile Rehabilitation Center ("WCJRC").

{¶2} On October 23, 2015, a four-count complaint was filed alleging that thirteen-year-old E.B. engaged in conduct that would be considered (1) burglary in violation of R.C. 2911.12(A)(1) and (2), a felony of the second degree, if committed by an adult; (2) vandalism in violation of R.C. 2909.05, a felony of the fifth degree, if committed by an adult; (3) breaking and entering in violation of R.C. 2911.13(A),

a felony of the fifth degree, if committed by an adult; and (4) vandalism in violation of R.C. 2909.05, a felony of the fifth degree, if committed by an adult.

**{¶3}** On December 11, 2015, E.B. appeared before the trial court with counsel and his mother. The State agreed to amend Count One to the charge of burglary in violation of R.C. 2911.12(B), a fourth degree felony, if committed by an adult, and to amend Count Three to the charge of breaking and entering with purpose to commit vandalism in violation of R.C. 2911.13(A), a felony of the fifth degree, if committed by an adult. E.B. entered an admission to amended Counts One and Three and Counts Two and Four as stated in the complaint. The trial court accepted E.B.'s admissions and found him delinquent. (Dec. 15, 2015 JE).

**{¶4}** On January 29, 2016, E.B. appeared before the trial court with his mother and counsel for a dispositional hearing on his previously entered admissions. The trial court ordered E.B. to be committed to the legal custody of the Ohio Department of Youth Services ("DYS") on each count for a minimum term of six months to age twenty-one. The trial court ordered the four periods of DYS to run consecutively to one another. The trial court suspended E.B.'s commitment to DYS upon the condition, which was also a term of his probation, that he be accepted and successfully complete the program at the Northwest Ohio Juvenile Residential Center ("NOJRC").

{¶5} On April 28, 2016, E.B.'s probation officer filed a "Motion to Revoke Probation" based upon E.B.'s failure to successfully complete the program at the NOJRC. E.B.'s probation officer stated in the motion that E.B. had been transferred to the Wood County Juvenile Detention Center ("JDC") due to his ongoing disruptive behavior, which presented safety and security issues, and his unwillingness to maintain a basic level of compliance at the NOJRC. Reports from the NOJRC detailing E.B.'s misbehavior were filed with the trial court. These incidents in the report included E.B. repeatedly defacing and destroying NOJRC property, urinating out of his room vent, inflicting self-harm with pencils and other objects, making inappropriate sexual comments, threats, and showing overall disrespect to other residents and the staff, and misuse of the intercom in non-emergency circumstances. There were also reports submitted to the trial court documenting E.B.'s disruptive behavior and physical aggression toward the staff at the JDC during the few days he spent there pending the initial hearing on the motion to revoke his probation. Some of the incidents required E.B. to be restrained and handcuffed for the staff's and his own safety.

{¶6} On May 3, 2016, E.B. appeared before the trial court on the "Motion to Revoke Probation." E.B.'s counsel indicated E.B.'s intent to enter a denial at the hearing so that counsel could have an opportunity to read the reports from the NOJRC. E.B.'s counsel also requested a mental health evaluation on E.B. The

State requested that E.B. be detained pending the subsequent hearing on the probation revocation. The trial court discussed E.B.'s disruptive behavior at the JDC and expressed concern with returning E.B. there in the interim due to the safety issues his behavior presented. The trial court concluded that it was necessary to send E.B. to DYS where E.B. would be able to obtain a mental health evaluation pending adjudication of the probation revocation motion. The trial court therefore continued the hearing on the matter. The trial court's rulings were journalized in its May 9, 2016 Judgment Entry.[1]

{¶7} On June 22, 2016, the trial court held an adjudicatory hearing on the "Motion to Revoke Probation" filed on April 28, 2016. At the hearing, the trial court heard testimony from the director of the NOJRC who gave details of the allegations comprising E.B.'s non-compliance and disruptive behavior at the center and provided the basis for the revocation motion. Specifically, she recalled that E.B. struggled with motivating himself to accomplish everyday tasks and became increasingly disruptive to the program participants as time progressed by making sexual innuendos and disparaging comments to other residents and sleeping through group treatment. She explained that his misbehavior escalated to destruction of property, standing on countertops, throwing things at the staff and general non-

---

[1] On June 9, 2016, counsel for E.B. filed a notice of appeal on E.B.'s behalf attaching the May 9, 2016 Judgment Entry committing E.B. to DYS pending adjudication of the probation violation to the notice of appeal and thus giving rise to appellate case number 12-16-03. Notably, there was no stay of the May 9, 2016 Judgment requested by E.B.'s counsel pending this first appeal.

compliance with security measures. She stated that E.B. was non-responsive to interventions and other consequences, which eventually lead to the center requesting his transfer to the Wood County JDC. During his time at NOJRC, E.B. only managed to achieve level one out of a total of four levels in the program, the lowest level after orientation.

{¶8} E.B. denied the allegation that he threw objects at the staff but agreed the remaining allegations were true. E.B. then entered an admission to the probation violation upon a properly executed Juv.R. 29 colloquy conducted between the trial court and E.B. The trial court found E.B. made a knowing, intelligent and voluntary admission to the allegations and found him delinquent for having violated the terms and conditions of his probation. The disposition on the matter was continued for a later date and E.B was ordered to be released from DYS and to be committed to the Wood County JDC pending disposition.

{¶9} On July 15, 2016, E.B. appeared before the trial court for disposition. The trial court heard statements indicating that E.B. had been behaving well at the JDC since the adjudicatory hearing. The trial court suspended the balance of the DYS commitment and ordered E.B. to re-enter and complete the program at the NOJRC. The trial court also ordered E.B.'s parents to participate in the program. E.B. was ordered to be remanded to the Wood County JDC pending his acceptance

into the NOJRC. (*See* July 28, 2016 and July 29, 2016 Nunc Pro Tunc Judgment Entries).[2]

{¶10} On August 17, 2016, E.B.'s probation officer filed a "Motion to Revoke Probation" based upon allegations that E.B. failed to comply with the terms of his probation as stated at the July 15, 2016 dispositional hearing and subsequent judgment entries imposing those orders. In the motion, the probation officer stated that E.B. had been transferred from the NOJRC to the Wood County JDC due to ongoing non-compliance issues.

{¶11} On August 30, 2016, E.B. appeared before the trial court on the second motion to revoke his probation with his mother and counsel present. At the hearing, it was revealed that E.B. continued to be non-compliant with the program at the NOJRC by threatening and cursing at the staff. The trial court engaged in a personal dialogue with E.B. in accordance with Juv.R. 29 and accepted E.B.'s admission to the probation violation finding it was knowingly, voluntarily and intelligently made. The trial court found E.B. delinquent and proceeded to disposition.

{¶12} Even though the trial court discussed E.B. returning to DYS as a possible consequence to entering his admission, the trial court followed the

---

[2] On August 17, 2016, counsel for E.B. filed a notice of appeal on E.B.'s behalf attaching the July 28, 2016 and July 29, 2016 Nunc Pro Tunc Judgment Entries reflecting the trial court's adjudication of E.B. as a delinquent child and its disposition of the probation revocation to the notice of appeal and giving rise to appellate case number 12-16-07.

recommendations of the counsel and gave E.B. yet another chance to prove himself. The trial court ordered that E.B. be "unsuccessfully discharged" from the NOJRC and ordered him to be placed at the West Central Juvenile Rehabilitation Center in Miami County. (*See* September 14, 2016 and September 23, 2016 Nunc Pro Tunc Judgment Entries).

{¶13} On October 5, 2016, counsel for E.B. filed a notice of appeal from the adjudication and disposition from the second probation revocation referenced in the September 14 and 23, 2016 Judgment Entries. This appeal, appellate number 12-16-08, was consolidated with the appeals filed in appellate case numbers 12-16-03 and 12-16-07 for the purpose of briefing and oral argument upon this Court granting a motion filed by E.B.'s appellate counsel requesting the same. (*See* fn. 2 and 3, *supra*.)[3]

{¶14} The following assignment of error is now presented for our review.

**ASSIGNMENT OF ERROR**

**THE PUTNAM COUNTY JUVENILE COURT ERRED WHEN IT ENTERED AN ADMISSION ON E.B.'S BEHALF ON MAY 9, 2016 AND COMMITTED HIM TO THE OHIO DEPARTMENT OF YOUTH SERVICES BECAUSE IT DID NOT SUBSTANTIALLY COMPLY WITH THE REQUIREMENTS OF JUV.R. 29, 35, OR R.C. 2152.16(A)(1). *In re L.A.B.*, 121 Ohio St.3d 112, 2009-Ohio-354, 902 N.E.2d 471. FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION, ARTICLE 1, SECTION 16.**

---

[3] Notably, the brief filed by E.B.'s counsel fails to assign error or even reference the disposition of the second probation violation on appeal, in appellate case number 12-16-08.

{¶15} Despite the consolidation of three notices of appeal, the issues raised in E.B.'s brief only pertain to the trial court's May 9, 2016 judgment entry, appellate case number 12-16-03 (and implicitly thereby to the trial court's subsequent judgments in appellate case number 12-16-07), in which the trial court ordered E.B. to be placed in DYS pending adjudication of the first motion to revoke his probation.

{¶16} At the outset we note that the record reveals that the May 3, 2016 hearing did not conform to the procedures required for an adjudication of a probation revocation hearing. However, it is readily apparent from trial court's May 9, 2016 Judgment Entry that this was because the trial court did not regard the hearing on May 3, 2016 to be an adjudicatory hearing. Rather, the trial court ordered "that the Motion to Revoke Probation be continued and set for an adjudicatory hearing." (May 9, 2016 Judgment Entry at 2). As previously discussed, the hearing on the motion was continued upon the request of E.B.'s counsel to review the NOJRC and JDC reports and to complete a mental evaluation on E.B. E.B. argues that at the May 3, 2016 hearing, the trial court effectively entered a "constructive admission" on behalf of E.B. and effectively entered a de facto "adjudication" upon the allegations underlying the probation violation without regard to the fact that E.B.'s counsel had indicated an intent to enter a denial of those allegations. We disagree.

{¶17} We note that even though the transcript of the hearing reveals that for some unknown reason, the trial court made the comment that a "true plea will be entered on behalf of the child today," no language indicating or referencing any such plea or any other form of an admission was included in the trial court's May 9, 2016 Judgment Entry on that hearing. On the contrary, as noted earlier, the May 9, 2016 Judgment Entry of the trial court expressly ordered "that the Motion to Revoke Probation be continued and set for an adjudicatory hearing."

{¶18} Accordingly, we have no reason to presume that the trial court's comment at the close of the May 3, 2016 hearing regarding a "true plea" was anything other than a misstatement by the trial court and in light of the trial court's subsequent judgment entry and actions, we can find no prejudice to E.B. resulting from the trial court's comment.

{¶19} Moreover, for the same reasons, we cannot find that the May 9, 2016 Judgment Entry of the trial court, merely continuing the "Motion to Revoke Probation" for a mental health evaluation at DYS and ordering the matter to be set for an adjudicatory hearing was a final appealable order that would in any way deprive the trial court of its continuing jurisdiction to conduct the subsequent adjudication hearing and disposition as reflected in the Judgment Entries of July 1, 2016 and July 28 and 29, 2016.

{¶20} Notwithstanding the status of the May 3, 2016 hearing, the gravamen of E.B.'s claim on appeal is his assertion that the trial court does not have the authority to commit him to DYS prior to holding an adjudicatory hearing on the probation violation in full compliance with Juv.R. 29 and Juv.R. 35. In support of this contention, E.B. directs our attention R.C. 2152.16(A), which states that "[i]f a child is adjudicated a delinquent child for committing an act that would be a felony if committed by an adult, the juvenile court may commit the child to the legal custody of the department of youth services for secure confinement * * *."

{¶21} Thus, E.B. asserts that the trial court was not authorized, and therefore had no discretion, to commit E.B. to DYS pending the adjudication of the probation violation. E.B. asserts that this is true (1) regardless of the fact that E.B. had already been adjudicated delinquent and a suspended DYS commitment had already been imposed on the initial four-count complaint, and (2) without regard to whether the record demonstrated that E.B. posed a safety and security risk to himself and others and that other less-restrictive detention facilities would not ameliorate the threat posed.

{¶22} At the outset we question whether such a restrictive interpretation of R.C. 2152.16(A) is consistent with the language of Juv.R. 7(A)(1), which permits a child taken into custody to be placed in "detention" or "shelter care" prior to final disposition when it is necessary (a) to protect the child from immediate or threatened

physical or emotional harm or (b) to protect the person or property of others from immediate or threatened physical or emotional harm—or the language of Juv.R. 35(C) which states that "during the pendency of proceedings under this rule, a child may be placed in detention in accordance with the provisions of Rule 7,"—or the language of R.C. 2921.01(F) which defines a "Detention facility" as "any public or private place used for the confinement of a person charged with or convicted of any crime in this state or another state or under the laws of the United States or alleged or found to be a delinquent child or unruly child in this state or another state or under the laws of the United States."

{¶23} Nevertheless, we find that we need not consider the merits of E.B.'s statutory interpretation of R.C. 2152.16(A) in this instance. Generally, an admission in a delinquency case is similar to a guilty plea entered by an adult in a criminal case in that it involves a waiver of the juvenile's right to challenge the allegations of the complaint and to confront witnesses. *See In re S.L.*, 12th Dist. Butler No. CA2005-05-112, 2006-Ohio-1895, ¶ 4; *see also In re M.F.*, 8th Dist. Cuyahoga No. 82018, 2003-Ohio-4807, ¶ 7, citing *In re Christopher*, 101 Ohio App.3d 245, 247 (6th Dist.1995); Juv.R. 29(D)(2). Similarly, a defendant in an adult criminal case who enters a plea of guilty waives the right to appeal all non-jurisdictional issues arising at prior stages of the proceedings. *See Ross v. Common Pleas*, 30 Ohio St.2d 323, 324, (1972)." We have found no authority, nor has the appellant directed us to any,

to indicate that the identical principle would not apply to an admission duly entered in a juvenile delinquency case. Moreover, E.B. has not cited any authority characterizing an alleged violation of R.C. 2152.16(A) as a jurisdictional matter.

{¶24} Thus, under the circumstances presented in this case, including our conclusion set forth earlier that the trial court was under no jurisdictional impediment to proceed with the adjudicatory and dispositional hearings following E.B.'s effort to appeal the trial court's May 9, 2016 Judgment, we conclude that E.B. waived the right to contest any possible statutory violation resulting in what proved to be a temporary commitment to DYS pending adjudication on the April 28, 2016 motion to revoke his probation, when he subsequently entered his admission to the probation violation in full compliance with Juv.R. 29 and Juv.R. 35, as reflected in the Judgment Entries of July 1, 2016 and July 28 and 29, 2016. Accordingly, E.B.'s assignment of error is overruled.

{¶25} For the reasons contained herein and there being no arguments raised by the appellant pertaining to the judgment of disposition of September 14, 2016, as corrected by the September 23, 2016 Nunc Pro Tunc judgment entry, the assignment of error is overruled and the judgments of the Putnam County Court of Common Pleas, Juvenile Division, in appellate case numbers 12-16-07 and 12-16-08 are affirmed. Having previously found that the May 9, 2016 Judgment Entry

Case No. 12-16-03, 12-16-07, 12-16-08

which provided the basis for the appeal filed in appellate case 12-16-03 was not a

final appealable order, we hereby dismiss that appeal.

***Appeal Dismissed in***
***Case No. 12-16-03***

***Judgments Affirmed in***
***Case Nos. 12-16-07 and 12-16-08***

**PRESTON, P.J. and WILLAMOWSKI, J., concur.**

**/jlr**