[Cite as *In re S.A.R.*, 2018-Ohio-223.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

MADISON COUNTY


| | | |
|---|---|---|
| IN THE MATTER OF: | : | |
| S.A.R. | : | CASE NO. CA2017-04-010 |
| | : | O P I N I O N<br>1/22/2018 |
| | : | |
| | : | |


APPEAL FROM MADISON COUNTY COURT OF COMMON PLEAS
JUVENILE DIVISION
Case No. 21710010


Jeremy Dodgion, 1188 South High Street, Columbus, Ohio 43206, for appellant, S.A.R.

Stephen J. Pronai, Madison County Prosecuting Attorney, Rachel M. Price, 59 North Main Street, London, Ohio 43140, for appellee, state of Ohio


**HENDRICKSON, P.J.**

{¶ 1} Appellant, S.A.R., a juvenile, appeals from a decision of the Madison County Court of Common Pleas, Juvenile Division, denying his motion to withdraw his no contest plea to a speeding violation. For the reasons set forth below, we affirm the decision of the juvenile court.

{¶ 2} On January 15, 2017, S.A.R. was stopped by law enforcement on U.S. 40 in Jefferson Township, Ohio, and was issued a citation for speeding in violation of R.C.

4511.21(D)(2). The officer's radar recorded S.A.R.'s vehicle traveling 70 m.p.h. in a 50-m.p.h. zone.

{¶ 3} A hearing was held on January 31, 2017, and S.A.R. appeared before the court with his father. At this time, S.A.R. and his father indicated they had reviewed and signed both the Madison County Juvenile Rights and Procedures Form as well as the Juvenile Rule 3 Requirement Form. The Rights and Procedures Form advised S.A.R. and his father as follows:

### RIGHTS AND PROCEDURES

The following information constitutes the arraignment procedure in Juvenile Court for complaints alleging violations of the traffic code.

**You have the following rights which you may exercise or waive:**

1. You may deny the charge and request a trial before the Court at which time the county prosecutor will be required to prove the case beyond a reasonable doubt before you can be adjudicated a juvenile traffic offender. The trial is usually scheduled three to four weeks from the date of the arraignment.

   a. You may cross-examine and ask questions of any witness who testifies to prove the charge at trial.

   b. You may testify yourself, if you wish. You cannot be compelled to testify and you may remain silent on a denial at trial.

   c. You may call anyone to testify upon your request. The witnesses you wish to testify can be compelled to appear for you by filing with the Court a request, in writing, called a precipe for subpoena, stating the name and address of the witness, and if they can be located by the sheriff prior to trial, they will be required to attend.

   d. You may be represented by an attorney and can be granted a continuance for an opportunity to consult an attorney

   e. A recording will be made of the proceedings.

2. You may admit the charge and the Court will proceed to

disposition or continue the case for deposition at a later date.

\* \* \*

## DISPOSITION FOR TRAFFIC CASES

**The Court MAY impose the following penalties for any first time juvenile traffic offender:**

1. Suspend or revoke the juvenile's operator's license for up to two years;

2. Place the juvenile on Community Control and/or Probation;

3. Order restitution \* \* \*;

4. Impose a fine[.]

\* \* \*

**The Court SHALL impose the following penalty for any juvenile admitting to, or found guilty of, a second moving violation:**

The juvenile's operator's license **SHALL** be suspended for a minimum of ninety (90) days. The Court MAY additionally impose any of the penalties listed for first time offenders.

(Emphasis sic.)

{¶ 4} The Juvenile Rule 3 Requirement Form advised S.A.R. and his father that the charge S.A.R. faced could result in S.A.R. being placed in a juvenile detention facility and informed S.A.R. that he had the right to have a lawyer appointed to assist him in court. The form listed the benefits of having representation and advised S.A.R. that "[b]efore you decide to give up your right to a lawyer, you should discuss this with your parent(s)/guardian to make sure you are making this decision knowingly and intelligently." The form further provided as follows:

[I]f you and your parent(s) sign this form you are telling Judge Brown:

That you have discussed with your parent(s)/guardian what a lawyer is.

- 3 -

That you have discussed with your parent(s)/guardian how a lawyer would help you.

That you understand a lawyer will not cost you any money (other than the $25 application fee).

That your parent(s)/guardian are not lawyers and are not able to provide you with legal assistance in Court.

And that you understand that it is *not* a good idea to represent yourself in Court.

\* \* \*

To Parent(s)/Guardian:  By signing below, I/we state that I/we have discussed with our child the disadvantages of not having a lawyer represent my/our child in Juvenile Court.

{¶ 5}  The juvenile court addressed these forms with S.A.R. and his father, and advised S.A.R. that because this was his second offense, there was a mandatory suspension of his license for 90 days up to a maximum of two years, the court could place him on probation until he was 21 years old, it could impose a maximum fine of $50, and it could order him to pay court costs.  When S.A.R. indicated he understood the possible penalties and wished to enter a no contest plea to the charges, the juvenile court orally advised S.A.R. of the rights he would be waiving by entering this plea.  The court stated,

You understand by entering a no contest plea you waive all the rights that were read to you earlier?  The right to trial, the right to hold the prosecution to their burden of proof, the right to be represented by counsel, the right to cross-examine the prosecution's witnesses, the right to present evidence and use the Court's subpoena power in order to do so, the right to testify if you choose to testify even though you cannot be compelled to do so.  Do you understand you are waiving those rights?

S.A.R. indicated he understood that he would be waiving his rights and that he wished to plead no contest.  The juvenile court accepted S.A.R.'s plea, finding it had been entered knowingly, intelligently, and voluntarily.

{¶ 6}  The case proceeded to disposition, where the juvenile court commented that

- 4 -

this was the second time S.A.R. had appeared before it within the last few weeks. The court noted that in the other case, S.A.R. had been represented by counsel and neither S.A.R. nor his attorney had informed the court that S.A.R. had received a second traffic violation. The court stated:

> I had you here about a week ago, and at that time you were represented by counsel, and it was a case that dated back, I believe, to July 4th. And part of your attorney's recitation to me, which weighed into my decision in that case, was that this young man had not been in any further trouble since July the 4th. I made that statement in open court. I know I did. I made it.
>
> And neither one of you said the first thing about him receiving this ticket, which to me amounts to somewhat perpetrating a fraud upon the Court, not being completely open and honest with me, and I do not take that lightly.

The court suspended S.A.R.'s license for two years, imposed a $25 fine, and ordered S.A.R. to pay court costs.

{¶ 7} On January 31, 2017, S.A.R. filed a petition requesting driving privileges for school and a work-study program. The juvenile court denied S.A.R.'s request. Thereafter, on March 6, 2017, S.A.R. filed a motion to withdraw his no contest plea on the basis that he "was not afforded counsel at the time of his plea, did not understand the nature and potential sentences of the charge, and was perhaps not guilty or had a complete defense of the charge." The juvenile court denied S.A.R.'s motion without a hearing.

{¶ 8} S.A.R. appeals the denial of his motion to withdraw his plea, raising two assignments of error. As the assignments of error are related, we will address them together.

{¶ 9} Assignment of Error No. 1:

{¶ 10} THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S MOTION TO WITHDRAW GUILTY PLEA [SIC] DESPITE THE PRESENCE OF MANIFEST INJUSTICE.

{¶ 11} Assignment of Error No. 2:

{¶ 12} THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S MOTION TO

WITHDRAW GUILTY PLEA [SIC] WITHOUT FIRST HOLDING A HEARING.

{¶ 13}   In his first assignment of error, S.A.R. contends he is entitled to relief pursuant to Crim.R. 32.1 as "[m]anifest injustice was present when S.A.R. entered a plea of 'no contest' without assistance [of counsel] and without understanding the potential consequences of his plea."  He further argues, in his second assignment of error, that the juvenile court erred when it denied his motion to withdraw his plea without holding a hearing.

{¶ 14}   Although S.A.R. has argued this appeal as though it concerns the denial of a motion to withdraw a no contest plea brought pursuant to Crim.R. 32.1, Crim.R. 1(C)(5) provides that the Rules of Criminal Procedure explicitly do not apply to "juvenile proceedings against a child."  *See In re J.J.*, 9th Dist. Summit No. 21386, 2004-Ohio-1429, ¶ 5; *In re McElfresh*, 7th Dist. Belmont No. 02 BA 12, 2003-Ohio-1079, ¶ 12; *In re L.D.*, 8th Dist. Cuyahoga No. 78750, 2001 Ohio App. LEXIS 5518, *4 (Dec. 13, 2001).  Issues involving a plea entered pursuant to Juv.R. 29(C) "'should be analyzed according the Rules of Juvenile Procedure and the constitutional protections springing therefrom which may be applicable to both adult and juvenile criminal prosecutions.'"  *In re J.J.* at ¶ 5, quoting *In re L.D.* at *4.  "Accordingly, an appellate court should proceed to address an assigned error regarding a motion to withdraw an admission under a Juv.R. 29(D) analysis."  *Id.*

{¶ 15}   Juv.R. 29(D) provides, in relevant part, as follows:

> The court may refuse to accept an admission and shall not accept an admission without addressing the party personally and determining both of the following:
>
> (1) The party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission;
>
> (2) The party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing.

Although Juv.R. 29(D) speaks in terms of an "admission," it applies equally to pleas of no

contest. *See* Juv.R. 29(C) (noting that "[a] failure or refusal to admit the allegations [to a complaint] shall be deemed a denial, *except in cases where the court consents to entry of a plea of no contest"* [emphasis added]). Just as an admission in juvenile proceedings pursuant to Juv.R. 29(D) is analogous to a guilty plea made by an adult pursuant to Crim.R. 11(C), a no contest plea in juvenile proceedings pursuant to Juv.R. 29(C) and (D) is analogous to a no contest plea made in accordance with Crim.R. 11(C). *See In re Beechler*, 115 Ohio App.3d 567, 571 (4th Dist.1996). *See also State v. Beasley*, Slip Opinion No. 2018-Ohio-16, ¶ 11, citing Crim.R. 11(B)(2) ("a plea of no contest is not an admission of guilt but 'an admission of the truth of the facts alleged in the indictment, information, or complaint'"). Both Crim.R. 11(C) and Juv.R. 29(D) require the respective trial courts to make careful inquiries in order to ensure the plea is entered voluntarily, intelligently, and knowingly. *In re Beechler* at 571-572.

{¶ 16} "If the trial court substantially complies with Juv.R. 29(D) in accepting an admission by a juvenile, the plea will be deemed voluntary absent a showing of prejudice by the juvenile or a showing that the totality of the circumstances does not support the finding of a valid waiver." *In re C.S.*, 115 Ohio St.3d 267, 2007-Ohio-4919, paragraph six of the syllabus. "[S]ubstantial compliance means that in the totality of the circumstances, the juvenile subjectively understood the implications of his plea." *Id.* at ¶ 113.

{¶ 17} After thoroughly reviewing the record, we conclude that the juvenile court complied with the requirements of Juv.R. 29(D) in accepting S.A.R.'s no contest plea, that S.A.R. subjectively understood the implications of his plea, and that his plea was voluntarily, intelligently, and knowingly entered. The juvenile court explained the nature of the speeding charge S.A.R. faced and the possible penalties the court could impose if S.A.R. pled to the offense. The court stated, "This appears to be your second offense. As such, there's a mandatory suspension of your license for 90 days up to a maximum of two years. There's

also a maximum fine of $50, plus court costs * * * [and] I can also place you on probation until the age of 21. Do you understand all those penalties?" S.A.R. indicated to the juvenile court he understood the possible penalties.

{¶ 18} The juvenile court also advised S.A.R. that by pleading no contest to the speeding violation, he would be waiving certain rights, such as "[t]he right to trial, the right to hold the prosecution to their burden of proof, the right to be represented by counsel, the right to cross-examine the prosecution's witnesses, the right to present evidence and use the Court's subpoena power in order to do so, the right to testify if you choose to testify even though you cannot be compelled to do so." When asked by the juvenile court if he understood the rights he would be waiving, S.A.R. stated, "Yes, sir."

{¶ 19} In addition to having his rights explained to him by the juvenile court, S.A.R. was also provided with the Rights and Procedures Form. This form listed the rights S.A.R. was entitled to exercise or waive and provided the possible penalties for a second traffic violation. Prior to signing the form, S.A.R. indicated he read and understood the information contained in the form and wished to enter a no contest plea to the speeding charge.

{¶ 20} Despite the juvenile court's compliance with Juv.R. 29(D), S.A.R. nonetheless contends he was "unable to make an informed decision regarding his plea" because he was not represented by counsel. However, the record demonstrates that S.A.R. made a valid waiver of his right to counsel, in accordance with Juv.R. 3(D) and Juv.R. 29(B), after being counseled and advised by his father. *See In re C.S.*, 2007-Ohio-4919 at paragraph two of the syllabus (recognizing that "a juvenile may waive his constitutional right to counsel, subject to certain standards, if he is counseled and advised by his parent, custodian, or guardian"). The totality of the circumstances, including S.A.R.'s age, education, his experience with the juvenile court, his father's presence at the January 31, 2017 hearing, and his execution of the Juvenile Rule 3 Requirement Form, demonstrate S.A.R.'s waiver of his right to counsel was

valid. *See id.* at paragraph four of the syllabus. At the time S.A.R. appeared before the juvenile court, waived his right to counsel, and entered his no contest plea, S.A.R. was a 17-year-old high school student with a prior traffic offense adjudication. S.A.R.'s prior traffic offense violation, for which he was represented by counsel, provided S.A.R. with some experience and familiarity with juvenile court proceedings. Further, S.A.R. was accompanied by his father at the January 31, 2017 hearing, and the record indicates S.A.R. and his father discussed the disadvantages of proceeding without representation, S.A.R. indicated he understood the disadvantages when questioned by the court, and both S.A.R. and his father signed the Juvenile Rule 3 Requirement Form.

{¶ 21} Accordingly, given the totality of the circumstances, we conclude S.A.R. made a valid waiver of his right to counsel and he subjectively understood the implications of his plea. S.A.R.'s contention that his motion to withdraw his no contest plea should have been granted is without merit and his first assignment of error is overruled.[1]

{¶ 22} Additionally, S.A.R.'s argument that the juvenile court erred when it denied his motion without first holding a hearing is also without merit. The juvenile court did not abuse its discretion in denying the motion without first holding a hearing as the record demonstrated the plea was made in compliance with Juv.R. 29(D) and was knowingly, intelligently, and voluntarily entered. *See, e.g.*, *State v. Degaro*, 12th Dist. Butler No. CA2008-09-227, 2009-Ohio-2966, ¶ 13 (noting that a court need not hold a hearing on a postsentence motion to withdraw a guilty plea "where the record indicates the movant is not entitled to relief"). S.A.R.'s second assignment of error is, therefore, overruled.

{¶ 23} Judgment affirmed.

S. POWELL and RINGLAND, JJ., concur.

---

1. Even if we were to review S.A.R.'s arguments under the standard set forth in Crim.R. 32.1, this court reaches the same conclusion. S.A.R. has not demonstrated the existence of a manifest injustice necessitating withdrawal of his plea. The record demonstrates S.A.R.'s plea was knowingly, intelligently, and voluntarily made.