[Cite as *In re R.A.*, 2018-Ohio-3620.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

IN RE:

    R.A.,

ALLEGED DELINQUENT CHILD.

CASE NO. 1-18-09

**O P I N I O N**

Appeal from Allen County Common Pleas Court
Juvenile Division
Trial Court No. 2017 JG 34761

**Judgment Reversed and Cause Remanded**

Date of Decision: September 10, 2018

APPEARANCES:

    *Michael J. Short* for Appellant

    *Kyle B. Thines* for Appellee

**PRESTON, J.**

{¶1} Appellant, R.A., a minor child, appeals the February 13, 2018 judgment entry of disposition of the Allen County Common Pleas Court, Juvenile Division. For the reasons that follow, we reverse.

{¶2} On September 29, 2017, a complaint was filed against R.A. charging him with two counts: Count One of rape in violation of R.C. 2907.02(A)(1)(b), a first-degree felony if committed by an adult, and Count Two of gross sexual imposition in violation of R.C. 2907.05(A)(4), a third-degree felony if committed by an adult. (Doc. No. 6). The complaint arose from a September 6, 2017 incident in which R.A. allegedly engaged in sexual conduct and sexual contact with his half-brother, S.S., who was nine years old at the time of the incident. (*Id.*). (*See* Oct. 4, 2017 Tr. at 2-4, 11). On October 4, 2017, R.A. attended an initial appearance where he denied the charges. (Doc. Nos. 9, 14); (Oct. 4, 2017 Tr. at 8-9).

{¶3} On October 23, 2017, R.A. filed a motion to suppress evidence. (Doc. No. 17). On November 8, 2017, the trial court held a hearing on R.A.'s motion to suppress evidence, and on December 22, 2017, the trial court denied R.A.'s motion. (Doc. Nos. 21, 28); (Nov. 8, 2017 Tr. at 1).

{¶4} On January 25, 2018, under a negotiated plea agreement, R.A. withdrew his denials and entered an admission to Count Two. (Doc. No. 39); (Jan. 25, 2018 Tr. at 6-7). In exchange for his change of plea, the State agreed to dismiss Count

One. (*Id.*); (*Id.* at 2). The trial court accepted R.A.'s admission to Count Two, found him to be a delinquent child because of his admission to Count Two, dismissed Count One, and ordered that disposition be deferred to a later date. (*Id.*); (*Id.* at 7-9). The trial court filed its judgment entry of adjudication on January 26, 2018. (Doc. No. 39).

{¶5} At a dispositional hearing on February 12, 2018, the trial court committed R.A. to the legal care and custody of the Ohio Department of Youth Services ("ODYS") for an indefinite term of one year and a maximum period not to exceed R.A.'s 21st birthday. (Doc. Nos. 40, 41); (Feb. 12, 2018 Tr. at 1, 4). However, the trial court stayed R.A.'s commitment to ODYS on the condition that R.A. participate in and successfully complete treatment at the Juvenile Residential Center of Northwest Ohio ("JRCNWO"), that he follow all aftercare recommendations after completion of the JRCNWO program, that he fully comply with the terms of a community-control-supervision case plan, and that he perform 15 hours of unpaid community service. (Doc. No. 41); (Feb. 12, 2018 Tr. at 4-5). The trial court filed its judgment entry of disposition on February 13, 2018. (Doc. No. 41).

{¶6} On February 16, 2018, R.A. filed a notice of appeal. (Doc. No. 44). He raises one assignment of error.

## Assignment of Error

**The Defendant did not enter his admission knowingly, intelligently, and voluntarily.**

{¶7} In his assignment of error, R.A. argues that the trial court erred by accepting his admission because his admission was not entered knowingly, intelligently, and voluntarily. In particular, R.A. argues that the trial court did not confirm that he understood the consequences of his admission—specifically that his admission would prevent him from later appealing the trial court's denial of his motion to suppress evidence. Therefore, according to R.A., because the trial court did not correct the misconception that his admission would preserve his right to appeal the denial of his motion to suppress evidence, the trial court failed to comply with Juv.R. 29(D) and thus he did not enter his admission knowingly, intelligently, and voluntarily.

Juv.R. 29(D) provides, in relevant part:

The court may refuse to accept an admission and shall not accept an admission without addressing the party personally and determining both of the following:

(1) The party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission;

> (2) The party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing.

"As many Ohio courts of appeals recognize, 'An admission in a juvenile proceeding, pursuant to Juv.R. 29, is analogous to a guilty plea made by an adult pursuant to Crim.R. 11 in that both require that a trial court personally address the defendant on the record with respect to the issues set forth in the rules.'" *In re C.S.*, 115 Ohio St.3d 267, 2007-Ohio-4919, ¶ 112, quoting *In re Smith*, 3d Dist. Union No. 14-05-33, 2006-Ohio-2788, ¶ 13. "Both Crim.R. 11 and Juv.R. 29 require the respective courts to make careful inquires in order to insure that the admission or guilty plea is entered voluntarily, intelligently, and knowingly." *In re Smith* at ¶ 13, citing *In re Flynn*, 101 Ohio App.3d 778, 781 (8th Dist.1995). *See In re T.N.*, 3d Dist. Union No. 14-12-13, 2013-Ohio-135, ¶ 11 ("Juv.R. 29 is analogous to Crim.R. 11 since both require a trial court to * * * ensure that the admission or guilty plea is entered voluntarily, intelligently, and knowingly."). "The juvenile court has an affirmative duty under Juv.R. 29(D) to 'determine that the [juvenile], and not merely the attorney, understands the nature of the allegations and the consequences of entering the admission.'" *In re T.N.* at ¶ 11, quoting *In re Beechler*, 115 Ohio App.3d 567, 571 (4th Dist.1996).

**{¶8}** Although the "preferred practice" in a juvenile delinquency case "is strict compliance with Juv.R. 29(D)," "if the trial court substantially complies with Juv.R. 29(D) in accepting an admission by a juvenile, the plea will be deemed voluntary absent a showing of prejudice by the juvenile or a showing that the totality of the circumstances does not support a finding of a valid waiver." *In re C.S.* at ¶ 113. "For purposes of juvenile delinquency proceedings, substantial compliance means that in the totality of the circumstances, the juvenile subjectively understood the implications of his plea." *Id.* "Therefore, the best method for complying with Juv.R. 29(D) is for a juvenile court to tailor the language of the rule to 'the child's level of understanding, stopping after each right and asking whether the child understands the right and knows he is waiving it by entering an admission.'" *In re D.P.*, 3d Dist. Hardin No. 6-16-07, 2017-Ohio-606, ¶ 15, quoting *In re Smith* at ¶ 14, quoting *In re Miller*, 119 Ohio App.3d 52, 58 (2d Dist.1997). A trial court's failure to substantially comply with Juv.R. 29(D) when accepting a juvenile's admission "has a prejudicial effect necessitating a reversal of the adjudication so that the juvenile may plead anew." *In re T.N.* at ¶ 12, citing *In re Smith* at ¶ 14, citing *In re Doyle*, 122 Ohio App.3d 767, 772 (2d Dist.1997) and citing *In re Hendrickson*, 114 Ohio App.3d 290 (2d Dist.1996) and *In re Christopher R.*, 101 Ohio App.3d 245, 248 (6th Dist.1995).

{¶9} We review de novo whether a trial court substantially complied with Juv.R. 29(D) in accepting a juvenile's admission. *In re T.N.* at ¶ 15, citing *In re R.D.G.*, 12th Dist. Butler No. CA2010-12-323, 2011-Ohio-6018, ¶ 10, *In re C.K.*, 4th Dist. Washington No. 07CA4, 2007-Ohio-3234, ¶ 15, and *In Matter of Beckert*, 8th Dist. Cuyahoga No. 68893, 1996 WL 447982, *1 (Aug. 8, 1996); *In re T.O.B.*, 8th Dist. Cuyahoga No. 99061, 2013-Ohio-2908, ¶ 16. *See In re E.S.*, 1st Dist. Hamilton Nos. C-100725 and C-100747, 2011-Ohio-586, ¶ 12.

{¶10} Before considering R.A.'s assignment of error, we must first address the State's contention that R.A. waived his argument that the trial court's failure to substantially comply with Juv.R. 29(D) rendered his admission unknowing, unintelligent, or involuntary. The State argues that the Eighth, Ninth, and Twelfth District Courts of Appeals "have held that failing to file a motion to withdraw a juvenile's admission in the trial court waives any Juv.R. 29 issues on appeal." (Appellee's Brief at 4). *See In re M.F.*, 8th Dist. Cuyahoga No. 82018, 2003-Ohio-4807, ¶ 7 ("[T]he failure to seek a withdrawal of an admission constitutes waiver of a Juv.R. 29(D) issue on appeal."), citing *In re Nicholson*, 132 Ohio App.3d 303, 307 (8th Dist.1999); *In re Bice*, 12th Dist. Clermont No. CA2001-01-008, 2001 WL 1485855, *1 (Nov. 26, 2001), citing *In re Nicholson* at 307; *In re Jackson*, 9th Dist. Summit No. 20647, 2001 WL 1421853, *3 (Nov. 14, 2001), citing *In re Nicholson* at 307. Thus, the State claims, because R.A. never attempted to withdraw his

admission prior to appeal, he is now prohibited from arguing that the trial court failed to substantially comply with Juv.R. 29(D).

{¶11} We decline the State's invitation to find that R.A. waived his argument on appeal and instead conclude that a juvenile need not seek to withdraw an admission in order to preserve for purposes of appeal any argument that the trial court failed to substantially comply with Juv.R. 29(D). At least two of the above-referenced courts of appeals, the Ninth and Twelfth Districts, limited or rejected the application of this waiver principle in subsequent decisions. Shortly after its decision in *In re Jackson*, the Ninth District observed that its "discuss[ion] [of] the issue of waiver" in that case "[was] merely dicta." *In re Hall*, 9th Dist. Summit No. 20658, 2002 WL 388905, *2 (Mar. 13, 2002), fn. 1, *abrogated on other grounds*, *State v. Morgan*, 153 Ohio St.3d 196, 2017-Ohio-7565. Rather than following its earlier dictum by finding that Hall waived his argument, the Ninth District concluded that the trial court did not substantially comply with Juv.R. 29(D) and thus reversed the trial court's acceptance of Hall's admission despite Hall's apparent failure to seek withdrawal of his admission. *See id.* In addition, the Twelfth District subsequently limited the holding of *In re Bice* when it concluded that waiver did not apply in a situation where "the court never addressed appellant and asked her if she admitted to the offense." *In re Ratliff*, 12th Dist. Clermont Nos. CA2001-03-033 and CA2001-05-050, 2002 WL 745370, *2 (Apr. 29, 2002). The Twelfth District

concluded that because the "appellant never admitted to the offense," she could not seek withdrawal of the admission, and "there was no waiver for failure to seek a withdrawal of admission that was never made." *Id.* The court further distinguished *In re Bice* and *In re Nicholson* on the basis that, in each of those cases, "valid admissions were made that could have been withdrawn." *Id.*

**{¶12}** Moreover, the Fifth District has rejected the argument that juveniles are required to move to withdraw their admissions in order to preserve Juv.R. 29(D) errors for appellate review. *See In re David G.*, 5th Dist. Stark Nos. 2008 CA 00243 and 2008 CA 00244, 2009-Ohio-4002, ¶ 36-37. As the Fifth District explained:

> If the record demonstrates the alleged error in the Juv.R. 29(D) colloquy resulting in an invalid plea, we see no reason to require the juvenile to first seek to withdraw the admission in the trial court before raising the issue on direct appeal. While a juvenile could move to withdraw a plea for failing to substantially comply with Juv.R. 29(D), the juvenile does not lose his right to appeal this issue by failing to move to withdraw his admission.

*Id.* at ¶ 37. *See In re S.H.*, 2d Dist. Montgomery No. 20107, 2004-Ohio-3779, ¶ 18 (expressing skepticism that a juvenile's failure to move to withdraw an admission waives the juvenile's right to appeal a trial court's alleged failure to comply with Juv.R. 29).

**{¶13}** We agree with the Fifth District's treatment of the issue. Juv.R. 29(D) is designed to ensure that juveniles entering admissions do so knowingly, intelligently, and voluntarily. *See In re Flynn*, 101 Ohio App.3d at 781-783; *In re Miller*, 119 Ohio App.3d at 57 ("The purpose of Juv.R. 29(D) is to ensure that minors are afforded their due process right to fundamentally fair treatment in juvenile court proceedings."), citing *In re Harris*, 104 Ohio App.3d 324 (2d Dist.1995). If a trial court's failure to substantially comply with Juv.R. 29(D) results in an unknowing, unintelligent, or involuntary admission on the part of the juvenile, the juvenile's admission is unconstitutional. *See In re K.B.*, 4th Dist. Washington No. 17CA23, 2018-Ohio-1908, ¶ 11. *See also State v. Barker*, 129 Ohio St.3d 472, 2011-Ohio-4130, ¶ 9 ("'When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution.'"), quoting *State v. Engle*, 74 Ohio St.3d 525, 527 (1996); *State v. Brown*, 2d Dist. Montgomery Nos. 24520 and 24705, 2012-Ohio-199, ¶ 13 ("If a defendant's guilty plea is not knowing and voluntary, it has been obtained in violation of due process and is void."), citing *Boykin v. Alabama*, 395 U.S. 238, 243, 89 S.Ct. 1709 (1969). To appellate courts conducting de novo review in cases such as this, a trial court's failure to substantially comply with Juv.R. 29(D) will be manifest from the record. We can think of no reason to

require juveniles to attempt to withdraw constitutionally unenforceable admissions in order to preserve the argument that such admissions are constitutionally unenforceable. *See In re David G.* at ¶ 37. Accordingly, we conclude that R.A.'s failure to attempt to withdraw his admission did not waive his argument that the trial court failed to substantially comply with Juv.R. 29(D).

{¶14} Turning to R.A.'s assignment of error, we conclude that the trial court failed to substantially comply with Juv.R. 29(D). The January 25, 2018 adjudicatory hearing began with the following exchange:

> [Trial Court]: It's the Court's understanding that * * * there has been plea negotiations, is that you're [sic] understanding * * *?
>
> [The State]: It is, Your Honor.
>
> [Trial Court]: [R.A.'s trial counsel]?
>
> [R.A.'s trial counsel]: Yes, it is, Your Honor.
>
> [Trial Court]: [W]ould [the State] like to recite the parties [sic] * * * plea agreement into the record?
>
> [The State]: Your Honor, it is the State's understanding that [R.A.] will be pleading to Count Two (2) of the Complaint * * * Gross Sexual Imposition and the State will be dismissing

Count One (1) at [R.A.'s] costs. * * * [A]nd [R.A.'s trial counsel] wanted * * * to make it clear that he wanted to preserve his right to appeal.

[Trial Court]: Alright, thank you. [R.A.'s trial counsel,] is that the plea agreement as you understand it?

[R.A.'s trial counsel]: Yes, it is, Your Honor and I think the Prosecutor's statement that we wish to reserve our right to appeal that probably has stemmed from a little bit of my confusion. Normally [in] an adult * * * court it would be a no-contest plea to preserve our right to appeal.[1] And, I was unaware if an admission in * * * Juvenile Court preserved our right to

---

[1] From the record, it appears that R.A.'s trial counsel did not believe that R.A. could plead no contest to the allegations of the complaint. However, the Rules of Juvenile Procedure provide that "[a] failure or refusal to admit the allegations [in the complaint] shall be deemed a denial, *except in cases where the court consents to entry of a plea of no contest*." (Emphasis added.) Juv.R. 29(C). Indeed, the Staff Notes accompanying Juv.R. 29 make clear that the inclusion of no contest pleas in the Rules of Juvenile Procedure was intended to harmonize the Rules of Juvenile Procedure with the Rules of Criminal Procedure: "Rule 29(C) was amended in response to Section 3 of Sub. Sen. Bill 179 (effective January 1, 2002), in which the General Assembly encouraged the Supreme Court to amend Rule 29(C) to permit 'no contest' pleas with the consent of the court, similar to the provisions in Criminal Rule 11." In addition, at least one appellate court has noted the similarities between no contest pleas entered under the Rules of Juvenile Procedure and those entered under the Rules of Criminal Procedure. *See In re S.A.R.*, 12th Dist. Madison No. CA2017-04-010, 2018-Ohio-223, ¶ 15 ("[A] no contest plea in juvenile proceedings pursuant to Juv.R. 29(C) and (D) is analogous to a no contest plea made in accordance with Crim.R. 11(C).").

|  | appeal and I believe it does. So, we are preserving our right to possibly appeal the decision of the earlier Motion to Suppress. |
| --- | --- |
| [Trial Court]: | Alright, thank you * * *, [R.A.] did you hear the * * * agreement the attorney's [sic] just outlined? |
| [R.A.]: | Yes. |
| [Trial Court]: | Is that the agreement as you understand it? |
| [R.A.]: | Yes. |

(Jan. 25, 2018 Tr. at 1-2). In addition to this exchange, the trial court's judgment entry of adjudication reflects the trial court's recognition that "pursuant to negotiations, the child reserved the right to pursue an appeal of the pre-adjudicatory decisions of the Court." (Doc. No. 39).

{¶15} After reviewing the parties' and the trial court's understanding of R.A.'s plea agreement, the trial court proceeded to conduct a colloquy with R.A. as required by Juv.R. 29(D). At one point during the colloquy, the trial court informed R.A. that "[b]y giving up [his] right to a Trial" he was "giving up [his] right * * * to * * * challenge any evidence presented by the Prosecutor." (Jan. 25, 2018 Tr. at 4). In response, R.A. acknowledged that he understood that he was relinquishing that right. (Id.). Following the colloquy, R.A. entered an admission to Count Two

of the Complaint. (*Id.* at 6). The trial court then asked R.A. whether he was "entering the admission voluntarily," whether anyone "promised [him] anything to get [him] to enter the admission other than the [plea] agreement," and whether anyone "threatened [him] in any way to get [him] to enter the admission." (*Id.* at 6-7). R.A. responded that he was entering his admission voluntarily, that he was offered no inducements other than the plea agreement, and that he was not threatened into entering his admission. (*Id.* at 6-7). Thereafter, the trial court accepted R.A.'s admission and found R.A. to be a delinquent child "by reason of the offense of Gross Sexual Imposition." (*Id.* at 8).

{¶16} We conclude that the trial court did not substantially comply with Juv.R. 29(D) and that, as a result, R.A.'s admission was not knowing, intelligent, and voluntary. R.A.'s admission was based on a belief apparently shared by all parties to the proceedings—R.A.'s trial counsel, the State, and the trial court—that R.A.'s admission would preserve his right to appeal the trial court's denial of his motion to suppress evidence. (*See* Jan. 25, 2018 Tr. at 1-2); (*See also* Doc. No. 39). When asked whether he understood the terms of his plea agreement, including the supposed preservation of his right to appeal the results of the suppression motion, R.A. responded that he did. (Jan. 25, 2018 Tr. at 2). However, like a guilty plea in an adult criminal proceeding, a juvenile's admission waives the right to appeal the denial of a pre-admission motion to suppress evidence. *In re S.L.*, 12th Dist. Butler

No. CA2005-05-112, 2006-Ohio-1895, ¶ 4 ("Because a juvenile admission under Juv.R. 29 is analogous to a guilty plea made by an adult pursuant to Crim.R. 11, a juvenile offender who enters an admission to an offense waives the right to challenge any evidentiary issues on appeal, including a motion to suppress."), citing *In re Panko*, 12th Dist. Brown No. CA2001-05-008, 2002-Ohio-2306, ¶ 17. *See In re Green*, 4 Ohio App.3d 196, 199 (10th Dist.1982). *See also In re E.B.*, 3d Dist. Putnam Nos. 12-16-03, 12-16-07 and 12-16-08, 2017-Ohio-1232, ¶ 23-24. Here, the trial court did not explicitly advise R.A. that entering an admission would preclude him from appealing the denial of his motion to suppress evidence.

{¶17} Nevertheless, the State argues that the trial court substantially complied with Juv.R. 29(D) notwithstanding its failure to correct the misunderstanding that R.A.'s admission preserved his right to appeal the trial court's denial of his motion to suppress. In support of its argument, the State relies on *State v. Wammes* in which the Sixth District stated that "'[w]here a defendant has been convicted following a guilty or no contest plea, the court is not constitutionally required to advise the defendant of his appeal rights.'" 6th Dist. Sandusky No. S-07-024, 2008-Ohio-5021, ¶ 19, quoting *State v. Houston*, 6th Dist. Erie No. E-03-059, 2004-Ohio-6462, ¶ 8, citing *State v. Borchers*, 101 Ohio App.3d 157, 164 (2d Dist.1995). In addition, the State cites *State v. Portis* in which the Second District observed that "Crim.R. 11(C)(2)(b) does not require the trial court

to inform a criminal defendant that a guilty plea will forfeit his ability to assign as error any claimed errors in pretrial rulings." 2d Dist. Clark No. 2013-CA-53, 2014-Ohio-3641, ¶ 10, citing *State v. Satterwhite*, 2d Dist. Montgomery No. 23142, 2009-Ohio-6593, ¶ 47. Thus, the State argues, Juv.R. 29(D) imposes no obligation on a trial court to inform a juvenile about his potentially limited appellate rights before accepting the juvenile's admission.

**{¶18}** We need not and do not determine at this time whether Juv.R. 29(D) imposes a categorical duty on trial courts to advise juveniles regarding the extent of their appellate rights before accepting their admissions. However, based on the particular facts and circumstances of this case, we conclude that by failing to correct the misunderstanding as to the effect that R.A.'s admission would have on R.A.'s ability to appeal the denial of his motion to suppress evidence, the trial court did not substantially comply with Juv.R. 29(D) when accepting R.A.'s admission. In the context of guilty pleas entered under Crim.R. 11, the Second District explained:

> [Crim. R. 11] does not require the trial court to conduct specific inquiry into the defendant's understanding of the effect of a guilty plea on the appealability of adverse pre-trial rulings, where a defendant's misunderstanding of that effect is not apparent from the record. * * * Practical considerations militate against imposing upon a trial court the duty of ascertaining that a criminal defendant tendering a guilty

plea understands every conceivable effect of that plea. But where the record affirmatively demonstrates that a criminal defendant tendering a guilty plea is under a misapprehension concerning the effect of that plea, a trial court cannot be said to have complied with its duty of determining that the defendant understands the effect of the plea, without addressing and clearing up the defendant's misunderstanding. Similarly, a trial court cannot be said to have complied with its duty where it says or does something that would likely cause, or contribute to, a defendant's misunderstanding of the effect of his or her plea. Here, too, the record affirmatively demonstrates a lack of understanding.

*Satterwhite* at ¶ 48-49. Like Crim.R. 11(C)(2)(b)'s requirement that the trial court "[i]nform[] the defendant of and determin[e] that the defendant understands the effect of the plea of guilty" before accepting a defendant's guilty plea, Juv.R. 29(D)(1) prohibits a trial court from accepting a juvenile's admission unless it first determines that the juvenile is entering his admission with an "understanding of * * * the consequences of the admission."

{¶19} In this case, the record affirmatively demonstrates that R.A.'s admission was based on a misunderstanding regarding the effect that his admission would have on his ability to appeal the trial court's denial of his motion to suppress.

When outlining the plea agreement, the State and R.A.'s trial counsel each unambiguously stated that, by entering an admission, R.A. intended to preserve his right to appeal the trial court's denial of his motion to suppress evidence; R.A. acknowledged that he understood the plea agreement to be as outlined by the State and his counsel. (Jan. 25, 2018 Tr. at 1-2). Furthermore, the trial court's observation in its January 26, 2018 judgment entry that "[R.A.] reserved the right to pursue an appeal of the pre-adjudicatory decisions of the Court" evidences that the trial court may have itself been mistaken as to which appellate rights were preserved by R.A.'s admission. (*See* Doc. No. 39).

{¶20} Finally, the State argues that the trial court's colloquy with R.A. was sufficient to notify R.A. that his admission would waive his right to appeal the trial court's denial of his motion to suppress evidence. However, contrary to the State's assertion, the trial court's admonishment that R.A. would be "giving up [his] right * * * to * * * challenge any evidence presented by the Prosecutor" by entering an admission did not satisfactorily explain that R.A.'s admission would operate to waive his right to appeal the denial of his motion to suppress. (*See* Jan. 25, 2018 Tr. at 4). Although this warning tracks the language of Juv.R. 29(D)(2), it cannot be reasonably interpreted as an instruction to R.A. that, through his admission, he was waiving his right to appeal the denial of his motion to suppress evidence. The trial court did not mention the right to an appeal in its warning, and it did not discuss

any of the limited appellate options that would be available to R.A. upon entering an admission. Moreover, from the trial court's later judgment entry stating that R.A. was preserving his right to appeal the results of "the pre-adjudicatory decisions of the Court," it seems doubtful that the trial court actually intended to advise R.A. that his admission would waive his right to appeal the denial of the motion to suppress. (*See* Doc. No. 39).

{¶21} Accordingly, because the trial court failed to substantially comply with Juv.R. 29(D), R.A. did not enter his admission knowingly, intelligently, and voluntarily.

{¶22} R.A.'s assignment of error is sustained.

{¶23} Having found error prejudicial to the appellant herein in the particulars assigned and argued, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

*Judgment Reversed and*
*Cause Remanded*

**WILLAMOWSKI, P.J. and ZIMMERMAN, J., concur.**

**/jlr**